GLADYS S. FETHERBAY, EFFIE S. JONES, DARLIS S. BLANKENSHIP AND GARLAND R. SMITH, SURVIVORS OF DAVID DURHAM SMITH, DECEASED, EMPLOYEE, PLAINTIFFS v. SHARPE MOTOR LINES, EMPLOYER; AND LIBERTY MUTUAL INSURANCE COMPANY, CARRIER AND/OR JACK HAWN D/B/A CALDWELL TRUCK RENTAL COMPANY, EMPLOYER; AND PHOENIX OF HARTFORD INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 7025IC234

(Filed 6 May 1970)

1. Appeal and Error § 39;  Master and Servant § 97—  appeal from order of Industrial Commission — time of docketing — priority of rules

An appeal to the Court of Appeals from an order of the Industrial Commission is subject to dismissal for failure of the claimants to docket the record on appeal within the time allowed by Rule 5, notwithstanding the claimants have complied with G.S. 97-86 relating to appeals from the Commission, since the provisions of the Rule relating to the time of docketing will prevail over conflicting provisions in G.S. 97-86. Rules of Practice in the Court of Appeals Nos. 5 and 17.

**2. Appeal and Error § 1— rules of appellate practice and procedure — authority of Supreme Court**

The Supreme Court of North Carolina is given exclusive authority to make rules of procedure and practice for the appellate division of the General Court of Justice, which division consists of the Supreme Court and the Court of Appeals. N. C. Constitution, Art. IV, § 11 and Art. IV, § 5: G.S. 7A-5.

**3. Appeal and Error § 44— failure to file brief on time — dismissal of appeal**

An appeal is subject to dismissal for failure of claimants to file their brief within the time allowed by the Rules of the Court of Appeals. Rule No. 28.

APPEAL by claimant from an Opinion and Award of the North Carolina Industrial Commission, filed 7 November 1969, denying claim for death benefits filed by the next of kin of David Durham Smith, deceased employee, who died 22 June 1968 of asphyxiation due to smoke inhalation and extensive burns. The smoke inhalation and extensive burns were suffered as a result of a fire in the cab of a tractor-trailer truck which deceased had been driving. At the time of the fire, deceased was sleeping in the sleeper bunk of the cab while the tractor-trailer truck was parked for the night in the parking lot of Scotty's Truck Terminal, Elizabeth, New Jersey.

Deputy Commissioner Leake heard the evidence and found therefrom that "[t]he death of the deceased was not an injury by accident arising out of and in the course of his employment with the defendant employer within the meaning of the North Carolina Workmen's Compensation Act but it resulted from the intoxicated condition of the deceased." Upon appeal the Full Commission overruled all exceptions and adopted as its own the Opinion and Award of Deputy Commissioner Leake denying the claim for death benefits. Claimants appeal to the Court of Appeals.

*Simpson & Martin, by Wayne W. Martin, for claimants.*

*Wardlow, Knox, Caudle & Wade, by Richard E. Wardlow, for defendants.*

BROCK, J.

**[1]** The Opinion and Award from which this appeal was taken was filed 7 November 1969. According to Rule 5, Rules of Practice in the Court of Appeals of North Carolina, the record on appeal must be docketed within ninety days after the date of the judgment, order, decree, or determination appealed from; unless, for good cause shown, the trial tribunal (which is the North Carolina Industrial Commission in this case) extends the time for docketing the record on appeal (not exceeding sixty days). There is no order of the trial tribunal extending the time within which this record on appeal could be docketed. Accordingly the record on appeal should have been docketed in this Court on or before 5 February 1970; it was docketed here 3 March 1970.

On 23 February 1970 defendants filed a motion under Rule 17, Rules of Practice, *supra,* to docket and dismiss for failure of claimants to docket the record on appeal within the time provided by Rule 5, *supra.* On 3 March 1970 claimants filed an answer to the motion to docket and dismiss, and this Court in conference on 3 March 1970 entered an Order that "a ruling on this motion [the motion by defendants to docket and dismiss] is deferred until after the oral argument." Oral arguments on the appeal were heard 7 April 1970.

In their answer to defendants' motion to docket and dismiss, claimants assert that they have complied with G.S. 97-86 in perfecting their appeal; and it appears that they have. Nevertheless, Rule 5 of The Rules of Practice in the Court of Appeals was adopted by the Supreme Court of North Carolina on 25 September 1967, and from that date governs the time within which a record on appeal must be docketed in The Court of Appeals.

**[2]** By Article IV, Section 11, of the Constitution of North Carolina, effective 30 November 1962, the Supreme Court of North Carolina is given "exclusive authority to make rules of procedure and practice for the appellate division." The appellate division of the General Court of Justice of North Carolina consists of the Supreme Court and the Court of Appeals. N. C. Const., Art. IV, § 5; G.S. 7A-5. The time within which a record on appeal is to be docketed in the appellate division is governed by rules of procedure and practice in the appellate division. Therefore, the extent to which G.S. 97-86 is in conflict with the Rules of Practice in the Court of Appeals, the Rules of Practice will prevail.

**[1]** Claimants having failed to docket their record· on appeal in this Court within the time prescribed by Rule 5, *supra;* and defendants having properly filed a motion to docket and dismiss under Rule 17, *supra,* the motion should be allowed and the appeal dismissed.

**[3]** In addition to failure to docket the record on appeal within the proper time, claimants' brief was not filed until 2 April 1970, only 5 days before the oral arguments; it should have been filed by noon 17 March 1970. In accordance with Rule 28, Rules of Practice in the Court of Appeals, upon the opening of the call of the Twenty-Fifth District on 7 April 1970, defendants filed motion to dismiss the appeal for failure of claimants to timely file their brief. This motion to dismiss should be allowed.

Since we have already reviewed the entire record on appeal and the briefs of the parties, we observe that the parties have been afforded a plenary hearing of their evidence and contentions; the Industrial Commission has made full and adequate findings to support its conclusions; and it appears the case has been fairly decided.

Appeal dismissed.

BRITT and GRAHAM, JJ., concur.