BETSY FITCH v. JOE DENNIS FITCH

No. 7426DC781

(Filed 4 December 1974)

**Appeal and Error § 44— failure to file brief within 20 days after appeal docketed**

Where appellant failed to file his brief within 20 days after the appeal was docketed as required by Court of Appeals Rule 28, he is deemed to have abandoned all assignments of error except those appearing on the face of the record proper.

APPEAL by defendant from *Griffin, District Judge,* 21 March 1974 Session of MECKLENBURG County, the General Court of Justice, District Court Division. Heard in the Court of Appeals 14 November 1974.

This appeal arose out of litigation between the parties covering a period of five and one-half years. In November, 1968, the plaintiff filed a complaint against her husband praying for reasonable subsistence, care and custody of their minor children, possession of their home, reasonable attorney's fees, and an injunction to prevent the defendant from molesting or bothering her. After the hearing the court ordered the defendant to convey his interest in their home to the plaintiff and assume any indebtedness thereon, to pay Forty-Five Dollars ($45.00) per week child support and pay One Hundred Fifty Dollars ($150.00) in attorney's fees. From this judgment, no appeal was taken.

On 4 September 1973, the plaintiff filed a motion for an increase in payments alleging that a substantial change in circumstances and cost of living and an increase in defendant's income required and justified increased support payments for her two unemancipated children. A third child had become emancipated by that time. The defendant was ordered to appear at the 23 October Session of District Court. The matter came on for hearing on 26 October 1973, and by order of 2 November 1973, the defendant was ordered to pay stipulated arrearages in child support of $825.00, $40.00 per week for future child support, and certain medical expenses and attorney's fees. From this order, no appeal was taken.

On 23 January 1974, upon motion of plaintiff, an order was entered directed to the defendant to show cause on 14 February 1974 why he should not be held in contempt. At this time

the defendant changed lawyers and filed a motion dated 5 March 1974, which is nineteen days after he was to appear, seeking for the first time to set aside the 2 November 1973 order.

After a hearing, the district court entered an order on 21 March 1974, finding there was no justification for setting the order aside and this finding was supported by ample and sufficient evidence. The court, in this order of 21 March 1974, refused to set aside the order of November 2, 1973. From this last order, the defendant appealed.

*Mraz, Aycock, Casstevens and Davis by Nelson M. Casstevens and Robert P. Hanner II, for plaintiff appellee.*

*Lila Bellar for defendant appellant.*

CAMPBELL, Judge.

The appellant filed his brief on 21 October 1974 after having docketed the appeal on 19 August 1974. Under Court of Appeals Rule 28 which became effective 24 July 1974, the appellant's brief must be filed within twenty days after the appeal is docketed. This the appellant failed to do. Consequently, the appellant is deemed to have abandoned all assignments of error except those appearing on the face of the record proper which are cognizable *ex mero motu*. See *Land v. Land,* 4 N.C. App. 115, 165 S.E. 2d 692 (1969) ; *Fetherbay v. Motor Lines,* 8 N.C. App. 58, 173 S.E. 2d 589 (1970). We find no error on the face of the record.

Affirmed.

Chief Judge BROCK and Judge HEDRICK concur.