KOEHRING COMPANY v. SEACREST MARINE CORPORATION

No. 7610SC22

(Filed 19 May 1976)

1. **Appeal and Error § 17— surety on stay bond as party to action**

   The Home Indemnity Company voluntarily made itself a party to this action and submitted itself to the jurisdiction of the court when it executed its bond to stay execution of plaintiff's judgment against defendant; moreover, Home Indemnity was served with notice of the motion for judgment on its stay bond, and it participated in the hearing by offering evidence.

2. **Appeal and Error § 17— stay bond — judgment on bond prior to execution against defendant proper**

   The trial court did not err in entering judgment against The Home Indemnity Company, which had executed a bond to stay execution of plaintiff's judgment against defendant pending defendant's appeal, prior to execution against defendant.

APPEAL by The Home Indemnity Company, surety for Seacrest Marine Corporation, from *Smith, Judge.* Judgment entered 23 September 1975 in Superior Court, WAKE County. Heard in the Court of Appeals 15 April 1976.

On 11 April 1975 judgment was entered in favor of plaintiff and against defendant for the sum of $71,941.74 plus interest at the rate of twelve percent (12%) from the date of judgment until paid and the costs of this action. Defendant gave notice of appeal, and on 23 April 1975 posted a bond executed by The Home Indemnity Company to stay execution of the judgment by plaintiff pending defendant's appeal pursuant to the provisions of G.S. 1-289.

Koehring Co. v. Marine Corp.

Since defendant's notice of appeal was given before 1 July 1975, the procedure for defendant's appeal was governed by the Rules of Practice in the Court of Appeals of North Carolina. Therefore, on 8 August 1975 plaintiff moved in superior court, pursuant to former G.S. 1-287.1, to dismiss defendant's appeal because defendant had not served its case on appeal within the time allowed. Plaintiff also moved that it be awarded judgment against The Home Indemnity Company, as surety for defendant, for any amount of the previously rendered judgment found to be due. By order dated 10 September 1975 defendant's appeal was dismissed, and a hearing on plaintiff's motion for judgment against The Home Indemnity Company was set to determine what amount of the previously rendered judgment against defendant was due.

On 23 September 1975 judgment against The Home Indemnity Company was entered as follows:

"THIS CAUSE coming on to be heard and being heard before the undersigned Judge Presiding upon motion of plaintiff for a judgment against Home Indemnity Company in the amount set forth in the judgment entered herein against Seacrest Marine Corporation and the Court after reviewing the pleadings and hearing the evidence of plaintiff and defendant finds as facts:

"1. That after judgment had been entered herein the Home Indemnity Company filed on April 23, 1975, a bond to stay execution on the money judgment pursuant to N.C.G.S. 1-289.

"2. That by order dated September 10, 1975, the defendant's appeal herein was dismissed.

"3. That one payment on the judgment in the amount of $5,000 was made on August 11, 1975.

"4. That Orville Mertz, Chairman of the Board of Koehring Company, did not agree on behalf of Koehring Company to accept payments of $5,000 per month from Seacrest Marine Corporation until October 1, 1975, at which time the entire balance of the unpaid indebtedness would be paid in full.

"5. That there has been no agreement between Koehring Company, the plaintiff, and Seacrest Marine Corpora-

tion, defendant for an accord and satisfaction of the judgment which has been entered herein.

"6. That the judgment which has been entered herein is enforceable in the full amount less the $5,000 payment made on August 11, 1975.

"7. That the plaintiff is entitled to judgment against Home Indemnity Company in the amount of the judgment.

"Now, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that plaintiff Koehring Company have and recover of Home Indemnity Company the sum of $71,941.74 plus interest at the rate of twelve (12%) percent from April 11, 1975, until said judgment is paid, less credit for payment in the amount of $5,000 made on August 11, 1975, Home Indemnity Company to pay the costs of this action."

The Home Indemnity Company appealed.

*Ragsdale & Kirschbaum, by William L. Ragsdale for plaintiff.*

*Davis & Hassell, by Charles R. Hassell, Jr., for The Home Indemnity Company.*

BROCK, Chief Judge.

Since notice of appeal by The Home Indemnity Company was given after 1 July 1975, its appeal is governed by the North Carolina Rules of Appellate Procedure.

Two exceptions appear in the record on appeal:

"At the close of the evidence, Mr. Hassell OBJECTED on behalf of Home Indemnity Company to Home Indemnity Company being a party to this matter.
　　　　EXCEPTION No. 1."

"To the Judgment of the Court entered September 23, 1975, Home Indemnity Company OBJECTS, and gives Notice of Appeal.
　　　　EXCEPTION No. 2."

By assignments of error Nos. 4, 5, and 6 The Home Indemnity Company undertakes to attack certain of the findings of fact and conclusions of law of the trial court. There are no exceptions in the record on appeal to any findings of fact or conclusion of law. The pertinent portion of App. R 10(b)(2) provides: "A separate exception shall be set out to the making

Koehring Co. v. Marine Corp.

or omission of each finding of fact or conclusion of law which is to be assigned as error." The above purported assignments of error are not supported by exceptions and will not be considered on appeal.

The Home Indemnity Company's assignments of error Nos. 1, 2, and 3 constitute three arguments based upon its exception to the entry of the judgment on 23 September 1975.

[1] First, it argues that judgment should not have been entered against it because it was not a party to the action and the court did not have jurisdiction over it. The Home Indemnity Company voluntarily made itseslf a party to the action and submitted itself to the jurisdiction of the court when it executed its bond to stay execution of plaintiff's judgment against defendant. It was served with notice of the motion for judgment on its stay bond, and it participated in the hearing by offering evidence. This argument is without merit.

[2] Second and third, it argues that judgment should not have been entered against it on its stay bond prior to execution against the defendant. The stay bond executed by The Home Indemnity Company was for the explicit purpose of stopping execution against defendant on plaintiff's judgment. The bond specifically provides that The Home Indemnity Company guarantees that defendant "will pay the amount directed to be paid by the judgment" in the event "the appeal is dismissed." This constitutes a guarantee of payment of the judgment, not a guarantee of payment of such amount as execution against the defendant does not produce. The surety, if it wishes, can take an assignment of plaintiff's judgment after payment thereof and then issue execution against defendant. Having elected to deprive the judgment creditor of the opportunity of enforcing its claim by voluntarily, and presumably for a fee, executing the supersedeas bond, The Home Indemnity Company cannot now with propriety complain if it is required to live up to the terms of its undertaking. This argument is without merit.

The findings of fact by the trial court support its conclusions of law, and the findings and conclusions support the judgment entered.

Affirmed.

Judges HEDRICK and CLARK concur.