LEO B. NEASHAM AND WIFE, WINNIFRED NEASHAM v. JOHN D. DAY AND WIFE, DORIS DAY

No. 7630SC958

(Filed 7 September 1977)

1. **Rules of Civil Procedure § 41— trial by judge without jury—motion to dismiss**
    A motion to dismiss made pursuant to Rule 41(b) permits the judge to weigh the evidence, to find facts against the plaintiffs, and to sustain defendants' motion at the conclusion of plaintiffs' evidence even though plaintiffs may have made out a *prima facie* case which could have precluded a directed verdict for defendants in a jury case; however, the practice of withholding judgment until all the evidence has been presented is considered the better practice except in the clearest cases.

2. **Highways and Cartways § 12.2— deed excepting roads—obstruction by landowner improper**
    In an action to enjoin defendants from interfering with plaintiffs' use of roads for access to their property, the trial court properly determined that defendants had no right, title or interest in the roads except as joint users with other landowners where the evidence tended to show that the roads were excepted from the deed which conveyed property to defendants.

APPEAL by defendants from *Snepp, Judge.* Judgment entered 29 June 1976 in Superior Court, JACKSON County. Heard in the Court of Appeals 23 August 1977.

Plaintiffs' complaint alleges that defendants improperly interfered with plaintiffs' use of a public road known as the "Claude Hunter and Lawton Zachary Roads" which plaintiffs use for access to their residence. In support of their contention that defendants do not own the road plaintiffs incorporate defendants' deed "excepting and reserving from the operation of this deed . . . [t]he Main State Road and the Claude Hunter and Lawton Zachary Roads, as they are not (sic) located on and upon said lands . . . ." Plaintiffs further allege that roads have been opened and used by area residents and the public for over forty years, and they seek a declaration of right-of-way and an injunction against defendants' further interference with the road.

Defendants allege that the roads have not been used by the public since 1964 when they purchased their property. They deny the validity of the exception in their deed and further allege that the exception gives plaintiffs no rights to use the road, and that plaintiffs' use of the road has been with defendants' knowledge and consent. Defendants deny that plaintiffs have established an easement by prescription.

The trial court sitting without a jury concluded that defendants have no right, title, or interest in the Claude Hunter and Lawton Zachary roads except as joint users with other adjacent landowners. Defendants were enjoined from further interference with the use of the road and they appeal.

No brief filed for plaintiff appellee.

*McKeever, Edwards, Davis & Hays, by George P. Davis, Jr., for defendant appellant.*

ARNOLD, Judge.

Only one assignment of error is contained in the record on appeal:

"The Court erred in denying the defendants' Motions for a Directed Verdict at the close of plaintiffs' evidence and renewed at the closing of all the evidence.
Defendants' Exceptions No. 1 and 2"

In an action tried without a jury the appropriate motion by which defendants test the sufficiency of plaintiffs' evidence is by motion for dismissal. G.S. 1A-1, Rule 41(b). However, this Court may elect to consider defendants' motions for directed verdict as mo-

Neasham v. Day

tions to dismiss in order to pass on the merits of this appeal. *Whitaker v. Earnhardt*, 289 N.C. 260, 221 S.E. 2d 316 (1976).

[1] A motion to dismiss made pursuant to Rule 41(b) permits the trial judge to weigh the evidence, to find facts against the plaintiff, and to sustain defendant's motion at the conclusion of plaintiff's evidence even though plaintiff may have made out a *prima facie* case which could have precluded a directed verdict for defendant in a jury case. *Helms v. Rea*, 282 N.C. 610, 194 S.E. 2d 1 (1972). Under Rule 41(b), the trial judge may decline to render judgment until all the evidence is in. The practice of withholding judgment until all the evidence has been presented is considered the better practice "except in the clearest cases." *Helms v. Rea, supra.*

The question raised by defendants' motion to dismiss made at the close of all the evidence is whether any findings of fact could be made from the evidence which would support a recovery for plaintiffs. *Pegram-West, Inc. v. Homes, Inc.*, 12 N.C. App. 519, 184 S.E. 2d 65 (1971). If such findings can be made the motion to dismiss must be denied.

[2] In the case at bar, competent evidence introduced by plaintiffs tended to show that the Claude Hunter and Lawton Zachary roads were excepted from the deed which conveyed property to defendants, and this evidence is sufficient to justify a finding of fact in support of judgment for plaintiffs. Hence, there is no basis for defendants' contentions that denial of their motions was error. Defendants' Assignment of Error is, therefore, without merit.

Defendants also undertake to attack the conclusions of law reached by the trial court as being unsupported by the findings of fact. Under App. R. 10(b)(2) defendants' contentions will not be considered on this appeal. There are no exceptions, and no assignments of error, in the record on appeal to any conclusions of law or findings of fact. App. R. 10(b)(2), in pertinent part, provides: "A separate exception shall be set out to the making or omission of each finding of fact or conclusion of law which is to be assigned as error." *Koehring Co. v. Marine Corp.*, 29 N.C. App. 498, 224 S.E. 2d 654 (1976); *pet. denied* 290 N.C. 308, 225 S.E. 2d 833 (1976). Also, see *Fetherbay v. Motor Lines*, 8 N.C. App. 58, 173 S.E. 2d 589 (1970), where this Court noted that the State Constitution gives exclusive authority to the Supreme Court to make rules of practice and procedure for the appellate division, and even where the North Carolina General Statutes conflict with Rules of Appellate Pro-

cedure, the Rules of Appellate Procedure will prevail. *Id.* at 60, 173 S.E. 2d at 591.

Affirmed.

Judges PARKER and MARTIN concur.