HUNTER, Judge.
Robert Henry Burr ("defendant") appeals from judgments dated 9 October 2003 entered consistent with a guilty plea to charges of obtaining property by false pretenses and multiple counts of securities fraud. For the reasons stated herein, we find no error.
The evidence tends to show that defendant met Bill Britt ("Britt") on 12 April 2001 at the Cardinal Club in Raleigh to discuss potential investments. Defendant falsely represented to Britt that he was an attorney that specialized in handling large investments. Defendant also falsely represented that he had an office in the First Union Building. Defendant failed to disclose to Britt that he had pled guilty to and was awaiting sentencing for a fraudulent scheme in Arizona, and that as part of his pleaagreement he would be required to pay a fine of 4.9 million dollars. Defendant further failed to disclose that he was a named party in a federal case in Texas which required defendant, by order of the court, to report his financial activities.
After several meetings through 5 July 2001, Britt transferred three million dollars to an escrow agent in California, and an additional two million dollars on 26 July 2001, for investment by defendant in a opportunity which defendant claimed had no risks and would guarantee a return of up to ten percent per month.
After Britt transferred the money, he failed to receive any reports on the investment for six to nine months. Upon inquiry, a portion of the money was returned to Britt to preserve the appearance of an investment. Defendant instructed the escrow agent to invest part of the money in a fraudulent foreign exchange investment scheme, which was later the subject of federal prosecution, and to place the majority under the exclusive control of defendant through an investment group defendant controlled. Britt's money was then spent on personal items by defendant.
Defendant was indicted for six counts of securities fraud and two counts of obtaining property by false pretenses. Defendant pled guilty to all charges on 9 October 2003. At sentencing, the trial court found as an aggravating factor that the crimes were committed while defendant was on pretrial release for similar crimes in Arizona. Defendant was sentenced in the aggravated range to two consecutive sentences of 84 to 110 months imprisonment for the two counts of obtaining property by false pretenses. The trialcourt consolidated for judgment the six securities fraud convictions with one of the obtaining property by false pretense convictions. Defendant appeals.
I. Errors Appealed as a Matter of Right
A. Consecutive Sentences
Defendant contends that insufficient evidence was presented to support consecutive sentences in the aggravated range for two counts of obtaining property by false pretenses, as the evidence presented supports only one continuous offense of obtaining property by false pretenses. Defendant contends this error is appealed as a matter of right. We disagree.
The right of appeal in a criminal proceeding is solely defined by statute in N.C. Gen. Stat. § 15A-1444(a1) (2003), which permits a defendant who has pled guilty to a felony in superior court to appeal as a matter of right the issue of whether the sentence imposed "is supported by evidence introduced at the trial and sentencing hearing only if the minimum sentence of imprisonment does not fall within the presumptive range for the defendant's prior record or conviction level and class of offense." Id. (emphasis added). By limiting appeals of right to aggravated sentences issued upon a plea of guilty, and providing no appeal of right for sentences in the presumptive range for guilty pleas, see State v. Farrior, 117 N.C. App. 429, 433, 451 S.E.2d 332, 335 (1994), the statute limits the appeal of right to consideration of evidence supporting the aggravating factors only, not the evidence supporting the elements of the crime.
B. Lack of Jurisdiction
Defendant next contends as a matter of right that the trial court lacked jurisdiction to sentence defendant in the aggravated range, as the aggravating factor was not alleged in the indictment. We disagree.
Defendant contends that the holdings in Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435 (2000), and Jones v. United States, 526 U.S. 227, 143 L. Ed. 2d 311 (1999), require that aggravating factors must be charged in the indictment because they increase the maximum penalty for the crime.
In State v. Lucas, our Supreme Court held that Apprendi and Jones apply only when the fact at issue increases the penalty for a crime beyond the prescribed statutory maximum. Lucas, 353 N.C. 568, 595, 548 S.E.2d 712, 730 (2001). In Lucas, the Court defined "statutory maximum" for a criminal offense in North Carolina as "the theoretical maximum sentence any defendant could receive" for that offense when applying the provisions of N.C. Gen. Stat. § 15A-1340.17 (2003). Lucas, 353 N.C. at 596, 548 S.E.2d at 730-31. As a result, as the finding of an aggravating factor did not increase the penalty beyond the maximum statutory penalty established by the Act itself, it was therefore unnecessary to allege it in the indictment.
Defendant contends that the recent decision in Blakely v. Washington, 542 U.S. ___, 159 L. Ed. 2d 403 (2004), calls into question the Supreme Court of North Carolina's conclusion in Lucas. Although we note that the Supreme Court of North Carolina has notyet addressed their holding in Lucas in light of the Blakely decision, we further note that the United States Supreme Court in Blakely v. Washington specifically stated that "[w]hen a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding." Blakely, 542 U.S. at ___, 159 L. Ed. 2d at 417-18. Here, defendant stipulated to the factual allegations, including the pending sentence in Arizona which formed the basis for the trial court's finding of an aggravating factor. The trial court, therefore, did not lack jurisdiction for failure to state the aggravating factor in the indictment, and we find no error.
II. Errors Appealed by Petition for Writ of Certiorari
Defendant petitions for a writ of certiorari for review of the trial court as to three errors: (1) accepting a guilty plea for securities fraud without determining if there was a proper factual basis for determining if there was an offer or sale of securities, (2) accepting a guilty plea for securities fraud without determining if there was a proper factual basis for determining if the omitted statements were misleading, and (3) finding an aggravating factor not alleged in any pleading.
As discussed supra in Section I, the right of appeal in criminal proceedings is defined by N.C. Gen. Stat. § 15A-1444, including the right of appeal of a defendant who pleads guilty. For appeals as to issues outside of N.C. Gen. Stat. §§ 15A-1444(a1), 15A-1444(a2), and 15A-1444(e) permits appeals to be madeonly by writ of certiorari to this Court. Farrior, 117 N.C. App. at 433, 451 S.E.2d at 335.
Such a grant of a writ of certiorari is limited, however, by N.C.R. App. P. 21(a)(1). The Supreme Court of North Carolina is granted exclusive authority by the North Carolina Constitution to make rules of practice and procedure for the appellate division. Neasham v. Day, 34 N.C. App. 53, 55, 237 S.E.2d 287, 289 (1977). Rule 21(a)(1) states that a grant of certiorari is only appropriate
to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action, or when no right of appeal from an interlocutory order exists, or for review pursuant to G.S. 15A-1422(c)(3) of an order of the trial court denying a motion for appropriate relief.
N.C.R. App. P. 21(a)(1). Thus when, as here, "the North Carolina General Statutes conflict with Rules of Appellate Procedure, the Rules of Appellate Procedure will prevail." Neasham, 34 N.C. App. at 55-56, 237 S.E.2d at 289.
With regards to the three issues raised by defendant in this petition, defendant has no right of appeal under N.C. Gen. Stat. § 15A-1444.
[A] challenge to the procedures followed in accepting a guilty plea does not fall within the scope of N.C. Gen. Stat. § 15A-1444 (2003), specifying the grounds giving rise to an appeal as of right. . . . [Therefore] "[d]efendant may obtain appellate review of this issue only upon grant of a writ of certiorari."
State v. Rhodes, 163 N.C. App. 191, 193, 592 S.E.2d 731, 732 (2004) (citation omitted). However, defendant has not failed to taketimely action, is not attempting to appeal from an interlocutory order, and is not seeking review pursuant to N.C. Gen. Stat. § 15A-1422(c)(3) as to these issues. Therefore this Court is without authority to issue a writ of certiorari in these matters. See State v. Nance, 155 N.C. App. 773, 775, 574 S.E.2d 692, 693-94 (2003) (holding no right of appeal under N.C. Gen. Stat. § 15A-1444 on claim defendant did not knowingly and willingly plead guilty, and further that this Court is without authority under N.C.R. App. P. 21(a)(1) to issue a writ of certiorari for review of such a claim).
As we find the trial court had proper jurisdiction to sentence defendant in the aggravated range and this Court lacks authority to review defendant's additional assignments of error, we find no error.
No error.
Judges CALABRIA and LEVINSON concur.
Report per Rule 30(e).