STATE OF NORTH CAROLINA v. WALTER ANDREW MORRIS

No. 7826SC1174

(Filed 1 May 1979)

1. **Criminal Law § 157— notice of appeal—necessary part of record**

Notice of Appeal is required to be a part of the record in order to give the Court of Appeals jurisdiction to hear and decide a case.

2. **Searches and Seizures § 2— inspection of package by freight agent—no constitutional protection**

An agent of a carrier who opened and inspected a package consigned to his employer's care acted as a private citizen, since he was not supervised or requested to perform the inspection by an agent of the government, and the trial court therefore properly overruled defendant's motion to suppress evidence found during the inspection.

3. **Searches and Seizures § 2— inspection of package by freight agent—warrantless investigation by officers**

Defendant's contention that his motion to suppress contraband should have been granted because officers failed to obtain a search warrant before inspecting the contraband was without merit since the contraband was contained

in a package sent from another state to N.C. by an airfreight carrier; a freight agent opened the package and notified law enforcement officers; it then became the duty of the officers to further investigate the package; and subsequent law enforcement activity did not constitute any new or different search.

APPEAL by defendant from *Barbee, Judge*. Judgment entered 29 August 1978 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 29 March 1979.

Defendant was charged in a bill of indictment, proper in form, with a second violation of possession of a controlled substance with intent to sell and deliver methamphetamine, which is included in Schedule II of the N.C. Controlled Substances Act. Defendant moved to suppress certain evidence, which motion was denied by Judge Barbee. Thereafter, defendant pleaded guilty to the offense charged and was given an active sentence of ten years in custody of the North Carolina Department of Correction.

On the motion to suppress, Robert C. Houser testified for the State that: he was a supervisor of Emery Air Freight in Charlotte; on 25 May 1978, he received a phone call from Mr. Ollinger, a supervisor at Emery Air Freight in San Francisco, requesting that he open a suspicious package; he opened the package, observed heat-sealed packages of a white substance; he called the FBI, and they told him to call the Charlotte Police Department.

Officer Dale B. Furr of the Charlotte Police Department testified for the State that: on 25 May 1978, he was with the Special Investigation, Section Vice, Narcotics Division of the Charlotte Police Department; Sergeant Travis answered a complaint at the Emery Air Freight at Douglas Airport and advised him that an agent of Emery Air Freight had a package that the agent suspected contained a controlled substance; Officer Blakeney and Sergeant Black accompanied him to Emery Air Freight; upon their arrival, the package was already open; he pulled out one of the heat sealed plastic bags and tested it; the valtox test result showed positive for amphetamine; he took the package to the police department for further testing; he returned to Emery Air Freight with the package and began surveillance; on 29 May 1978, he arrested defendant after defendant picked up the package.

Defendant's cross-examination of Officer Furr revealed that: Mr. Ollinger, the Emery Air Freight Agent in San Francisco, contacted a Drug Enforcement Administration agent for the federal government in San Francisco, who contacted the DEA Agency in Greensboro; the DEA in Greensboro advised Emery Freight to contact the Charlotte Police Department.

The trial court denied defendant's motion to suppress the evidence seized.

Defendant appealed pursuant to G.S. 15A-979(b).

*Attorney General Edmisten, by Assistant Attorney General Sandra M. King, for the State.*

*John G. Plumides, for defendant appellant.*

ERWIN, Judge.

[1] In the preparation of this record on appeal, defense counsel did not make the Notice of Appeal a part of the record. The State failed to raise an issue with reference to the lack of a Notice of Appeal in the record in its brief. Our Clerk of Court was able to have copy of the Notice forwarded to him. Notice of Appeal is required in order to give this Court jurisdiction to hear and decide a case. *See* Rule 4 of the Rules of Appellate Procedure; G.S. 7A-26; G.S. 15A-1448; *Cf. Mason v. Commissioners of Moore,* 229 N.C. 626, 51 S.E. 2d 6 (1948); *Corporation Com. v. R. R.,* 185 N.C. 435, 117 S.E. 563 (1923). Our Clerk acted at our request to prevent further expenditure of this Court's time and other expenses by the State.

[2] Defendant contends the trial court erred in overruling his motion to suppress certain evidence. We find no error.

Searches by airfreight carriers conducted pursuant to tariff regulations in which governmental agents have not otherwise been involved have been held "nongovernmental" for purposes of the Fourth Amendment. *United States v. Gumerlock,* 590 F. 2d 794 (9th Cir. 1979); *United States v. Issod,* 508 F. 2d 990 (7th Cir. 1974), *cert. denied,* 421 U.S. 916, 43 L.Ed. 2d 783, 95 S.Ct. 1578 (1975); *United States v. Edwards,* 443 F. Supp. 192 (D. Mass. 1977). Where an agent of a carrier of his own volition opens and inspects a package consigned to his employer's care, he acts as a

State v. Morris

private citizen unless he was supervised or requested to perform the inspection by an agent of the government. *United States v. Crabtree*, 545 F. 2d 884 (4th Cir. 1976); *United States v. Edwards, supra; United States v. Pryba*, 502 F. 2d 391 (D.C. Cir. 1974), *cert. denied*, 419 U.S. 1127, 42 L.Ed. 2d 828, 95 S.Ct. 815 (1975). The testimony at trial clearly indicated the absence of a request to open the package on the part of a governmental agent, and the trial court so found. The court's findings of fact are conclusive. *State v. Stepney*, 280 N.C. 306, 185 S.E. 2d 844 (1972); 4 Strong's N.C. Index 3d, Criminal Law, § 175, p. 895. We find no error.

[3] Defendant further contends that his motion to suppress should have been granted, because the officers failed to obtain a search warrant before inspecting the contraband. This argument is without merit.

If the freight agent could lawfully open the package, he could also, upon discovering the contraband, lawfully notify law enforcement officers of the discovery and show it to them. *Coolidge v. New Hampshire*, 403 U.S. 443, 29 L.Ed. 2d 564, 91 S.Ct. 2022, *reh. denied*, 404 U.S. 874, 30 L.Ed. 2d 120, 92 S.Ct. 26 (1971); *United States v. Issod, supra; Cf. United States v. Sellers*, 511 F. 2d 1199 (4th Cir. 1975). Then it would become the duty of the officers to further investigate the package. *United States v. Ford*, 525 F. 2d 1308 (10th Cir. 1975). The subsequent law enforcement activity did not constitute any "new or different search." *United States v. Ford, supra; United States v. Pryba, supra; State v. Reams*, 277 N.C. 391, 178 S.E. 2d 65 (1970), *cert. denied*, 404 U.S. 840, 30 L.Ed. 2d 74, 92 S.Ct. 133 (1971). Although the officers could have seized the contraband since it was in plain view, *Coolidge v. New Hampshire, supra; Harris v. United States*, 390 U.S. 234, 19 L.Ed. 2d 1067, 88 S.Ct. 992 (1968); *United States v. Tripp*, 468 F. 2d 569 (9th Cir. 1972), *cert. denied*, 410 U.S. 910, 35 L.Ed. 2d 272, 93 S.Ct. 965 (1973); *State v. Smith*, 289 N.C. 143, 221 S.E. 2d 247 (1976); *State v. Howard*, 274 N.C. 186, 162 S.E. 2d 495 (1968), they were entitled to allow delivery before arresting defendant. *United States v. Issod, supra*. We find no error.

Defendant's other assignments of error are not argued in the brief and are deemed abandoned. *State v. Fowler*, 285 N.C. 90, 203 S.E. 2d 803 (1974), *vacated on other grounds*, 428 U.S. 904, 49 L.Ed. 2d 1212, 96 S.Ct. 3212 (1976).

The judgment entered by the trial court is

Affirmed.

Judges PARKER and MARTIN (Harry C.) concur.