STATE OF NORTH CAROLINA v. FRED DOUGLAS McBRIDE, Defendant

No. COA94-1330

(Filed 7 November 1995)

**Evidence and Witnesses § 627 (NCI4th)— motion to suppress—subsequent guilty plea—review on appeal—notice of intention to appeal denial of motion required**

N.C.G.S. § 15A-979(b) (1988) allows review of an order finally denying a motion to suppress evidence on appeal from a judgment of conviction, including a judgment entered on a guilty plea; however, pursuant to this statute, a defendant bears the burden of

STATE v. McBRIDE

[120 N.C. App. 623 (1995)]

notifying the State and the trial court during plea negotiations of the intention to appeal the denial of a motion to suppress, or the right to do so is waived after of plea of guilty.

**Am Jur 2d, Appellate Review §§ 259, 614, 616, 621, 628.**

**Appealability of order entered in connection with pretrial conference. 95 ALR2d 1361.**

**Sufficiency in federal court of motion in limine to preserve for appeal objection to evidence absent contemporary objection at trial. 76 ALR Fed 619.**

Appeal by defendant from judgments entered 1 June 1994 by Judge Cy A. Grant in New Hanover County Superior Court. Heard in the Court of Appeals 25 September 1995.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Ellen B. Scouten and Simone E. Frier, for the State.*

*Judith T. Naef for defendant appellant.*

SMITH, Judge.

The appeal before this Court concerns the constitutional propriety of a search without a warrant by the Wilmington Police Department. Defendant Fred Douglas McBride alleges insufficient exigent circumstances were present to justify application of a warrantless search exception in this case. However, we do not reach the merits, because defendant failed to comply with established case law mandating that notice of intent to appeal be given the trial court and prosecution, prior to entry of a plea of guilty following denial of a motion to suppress. We reaffirm our precedent on this issue and dismiss defendant's appeal.

It is well-settled that no federal constitutional right exists obligating courts to hear appeals from criminal convictions. *See Abney v. United States*, 431 U.S. 651, 52 L.Ed.2d 651 (1977). In North Carolina, a defendant's right to pursue an appeal from a criminal conviction is a creation of state statute. *See* N.C. Gen. Stat. § 15A-1444 (1988); *State v. Blades*, 209 N.C. 56, 57, 182 S.E. 714 (1935). This Court has an ever-standing obligation to apply the laws governing the right to appeal. *Estrada v. Jaques*, 70 N.C. App. 627, 640-41, 321 S.E.2d 240, 249 (1984). This obligation would be rendered illusory if we ignored the

very processes which operate to make our system of justice fair as well as efficient.

N.C. Gen. Stat. § 15A-979(b) (1988) allows review of an order finally denying a motion to suppress evidence on appeal from a judgment of conviction, including a judgment entered on a guilty plea. This statutory right to appeal is conditional, not absolute.

Pursuant to this statute, a defendant bears the burden of notifying the state and the trial court during plea negotiations of the intention to appeal the denial of a motion to suppress, or the right to do so is waived after a plea of guilty. *State v. Reynolds*, 298 N.C. 380, 396-97, 259 S.E.2d 843, 853 (1979), *cert. denied*, 446 U.S. 941, 64 L.Ed.2d 795 (1980). The rule in this state is that notice must be *specifically* given. *State v. Tew*, 326 N.C. 732, 735, 392 S.E.2d 603, 605 (1990); *accord State v. Walden*, 52 N.C. App. 125, 126-27, 278 S.E.2d 265, 266 (1981). After reviewing the entire record in *Tew*, we observe the defendant there repeatedly, and specifically, preserved the right to appeal the suppression motion, by giving notice of intent to appeal prior to entry of the plea.

In the instant case, defendant failed to preserve his right to appeal by not ensuring that his intent to do so was given to the trial court and prosecution, prior to finalization of his plea bargain. We have carefully reviewed the entire record and note the absence of any notice whatsoever by defendant of intent to appeal based on the trial court's denial of his motion to suppress.

We do observe that defendant has placed a one page document entitled "Notice of Appeal" in the Record on Appeal, dated 18 May 1994. The document does not certify service to the trial court or to the prosecution, though a stamp at the top of the page indicates it was filed with the clerk of court in New Hanover County. This document is not the type of notice required under *Reynolds*, wherein the burden is placed on the defendant to ensure proper and actual notice of intent to appeal. *Reynolds*, 298 N.C. at 397, 259 S.E.2d at 853.

A Notice of Appeal is distinct from giving notice of *intent* to appeal. Notice of *intent* to appeal prior to plea bargain finalization is a rule designed to promote a "fair posture for appeal from a guilty plea." *Id.* Notice of Appeal is a procedural appellate rule, required in order to give "this Court jurisdiction to hear and decide a case." *State v. Morris*, 41 N.C. App. 164, 166, 254 S.E.2d 241, 242 (1979), *appeal dismissed and cert. denied*, 297 N.C. 616, 267 S.E.2d 657 (1979); N.C.

Gen. Stat. §§ 7A-26 (1989) and 15A-1448 (1988). The two forms of notice serve different functions, and performance of one does not substitute for completion of the other.

The United States Supreme Court addressed the propriety of an appeals process nearly identical to ours in *Lefkowitz v. Newsome*, 420 U.S. 283, 43 L.Ed.2d 196 (1975). There the United States Supreme Court noted:

Once the defendant chooses to bypass the orderly procedure for litigating his constitutional claims in order to take the benefits, if any, of a plea of guilty, the State acquires a legitimate expectation of finality in the conviction thereby obtained.

*Id.* at 289, 43 L.Ed.2d at 202.

The logic of this appellate rule is based on a straightforward theory. Once a defendant strikes the most advantageous bargain possible with the prosecution, that bargain is incontestable by the state once judgment is final. If the defendant may first strike the plea bargain, "lock in" the State upon final judgment, and then appeal a previously denied suppression motion, it gets a second bite at the apple, a bite usually meant to be foreclosed by the plea bargain itself.

We have previously observed that "it is entirely inappropriate for either side to keep secret any attempt to appeal the conviction" in circumstances like those before us. *Reynolds*, 298 N.C. at 397, 259 S.E.2d at 853. The appeals process is not meant to be played like three-card monte, as guessing games in this setting upset basic notions of fairness, and threaten the efficient administration of justice. *Id.*

This Court is bound by the principle of *stare decisis*, which demands that like situations be treated in a consistent manner. *See State v. Collins*, 334 N.C. 54, 63, 431 S.E.2d 188, 194 (1993). In this case, both *Reynolds* and *Tew* have set forth unequivocal rules concerning appeals made subsequent to a plea bargain. Defendant has not complied with those rules.

Dismissed.

Judges GREENE and LEWIS concur.