STATE OF NORTH CAROLINA v. WILLIAM EARL BROWN

No. COA00-133

(Filed 20 March 2001)

**Appeal and Error— preservation of issues—failure to give notice of intent to appeal based on denial of motion to suppress**

Although defendant contends the search of his person was without probable cause and that the evidence found during the subsequent search of his vehicle should have been suppressed since it was "fruit of the poisonous tree," this appeal is dismissed because: (1) defendant failed to present a record on appeal from which it can be determined that he complied with established case and statutory law concerning appeals made subsequent to a plea bargain which mandates that notice of intent to appeal be given to the trial court and prosecutor prior to entry of a guilty plea following denial of a motion to suppress, N.C.G.S. § 15A-979(b); and (2) counsel cannot correct the record by stipulating that appellant reserved the right to appeal.

Judge HUDSON dissenting.

Appeal by defendant from order entered 20 July 1999 by Judge Arnold O. Jones in Wayne County Superior Court. Heard in the Court of Appeals 22 January 2001.

*Attorney General Michael F. Easley, by Special Deputy Attorney General William P. Hart and Agency Legal Specialist Gregory B. Rodgers, for the State.*

*Kevin F. MacQueen for defendant appellant.*

SMITH, Judge.

On 29 January 1999, defendant was arrested for possession of a controlled substance after a search of his person and automobile revealed crack cocaine and a crack cocaine pipe. Defendant was indicted on 17 May 1999 for possession of a Schedule II controlled substance and being an habitual felon. On 1 July 1999, defendant moved to suppress evidence obtained as a result of the search. The motion was denied on 20 July 1999. On the same day, defendant pled guilty pursuant to a plea agreement to possession of cocaine and to

being an habitual felon and was sentenced to a term of seventy to ninety-three months' imprisonment. Defendant appeals.

Defendant's appeal concerns the constitutionality of the search without a warrant by the Goldsboro Police Department on 29 January 1999. Defendant contends that the search of his person was without probable cause, and that evidence found during the subsequent search of his vehicle should have been suppressed because it was "fruit of the poisonous tree." However, we do not reach the merits, because defendant failed to present a record on appeal from which we can determine that he complied with established case and statutory law, which mandates that notice of intent to appeal be given to the trial court and prosecution prior to entry of a guilty plea following denial of a motion to suppress.

N.C. Gen. Stat. § 15A-979(b) (1999) states that "[a]n order finally denying a motion to suppress evidence may be reviewed upon an appeal from a judgment of conviction, including a judgment entered upon a plea of guilty." However, "[t]his statutory right to appeal is conditional, not absolute." *State v. McBride*, 120 N.C. App. 623, 625, 463 S.E.2d 403, 404 (1995), *disc. review allowed in part*, 343 N.C. 126, 468 S.E.2d 790, *aff'd*, 344 N.C. 623, 476 S.E.2d 106 (1996). Pursuant to N.C. Gen. Stat. § 15A-979(b), "a defendant bears the burden of notifying the state and the trial court during plea negotiations of the intention to appeal the denial of a motion to suppress, or the right to do so is waived after a plea of guilty." *McBride*, 120 N.C. App. at 625, 463 S.E.2d at 404.

Here, we have carefully reviewed the entire record, including the transcript, and note the absence of any notice whatsoever by defendant of his intent to appeal based on the trial court's denial of his motion to suppress. In his brief, defendant claims to have reserved this right. However, the page in the record referred to by defendant as evidence of his intent to appeal cites only the second page of the judgment, and does not constitute sufficient notice of his intent. We note that the State's brief asserts that defendant reserved his right to appeal. However, the State cites the Transcript of Plea as reference, and there is nothing in the Transcript of Plea to indicate that defendant was pleading guilty, but reserving his right to appeal.

"This Court . . . is bound by the record as certified and can judicially know only what appears of record." *State v. Williams*, 280 N.C. 132, 137, 184 S.E.2d 875, 878 (1971); and *State v. Winford*, 279 N.C. 58, 181 S.E.2d 423 (1971). "It is the appellant's duty and responsibility to

see that the record is in proper form and complete." *State v. Alston*, 307 N.C. 321, 341, 298 S.E.2d 631, 644-45 (1983); *see also State v. Atkinson*, 275 N.C. 288, 167 S.E.2d 241 (1969), *death sentence vacated*, 403 U.S. 948, 29 L. Ed. 2d 859 (1971). Here, from the record presented, we cannot determine that defendant has complied with the rules concerning appeals made subsequent to a plea bargain.

In her dissent, Judge Hudson contends that, because the State approved the proposed record on appeal, and the "Organization of Trial Tribunal" in the record contained a statement that defendant pled guilty but reserved his right to appeal the denial of his motion to suppress, then the statement became part of the record, and defendant did preserve his right of appeal. However, counsel cannot correct the record proper by stipulation. *Mason v. Commissioners of Moore*, 229 N.C. 626, 628, 51 S.E.2d 6, 8 (1948). Thus, it is not enough that counsel states or stipulates that appellant reserved the right to appeal. That portion of the record on appeal reflecting the proceedings in the trial court must show that appellant has the statutory right to appeal. *McBride*, 120 N.C. App. at 625, 463 S.E.2d at 404 (defendant must notify the State and the trial court of his intent to appeal the denial of a motion to suppress prior to pleading guilty or he waives the right to appeal); N.C. Gen. Stat. § 15A-979(b). Furthermore, we note that the "Organization of Trial Tribunal" is merely a statement in the record for informational purposes and is not binding on the parties. See Drafting Committee Note, North Carolina Rules of Appellate Procedure, 287 N.C. 671, 696 (1975) ("The office of this item is simply to permit routine confirmation by the appellate court of the subject matter jurisdiction or "competence" of the particular trial judge and tribunal . . . .").

Accordingly, the appeal is dismissed without prejudice to defendant's right to seek an evidentiary hearing in superior court determining whether or not the guilty plea was entered reserving defendant's right to appeal the denial of his motion to suppress. If it is determined that defendant pled guilty while properly reserving his right to appeal, review may then be sought by petition for writ of certiorari filed with this Court.

Dismissed.

Chief Judge EAGLES concurs.

Judge HUDSON dissents.

HUDSON, Judge dissenting.

It is clear that "when a defendant intends to appeal from a suppression motion denial pursuant to [N.C.G.S. § 15A-979(b) (1999)], he must give notice of his intention to the prosecutor and the court before plea negotiations are finalized," otherwise he waives the provisions of the statute providing an appeal of right. *State v. Reynolds*, 298 N.C. 380, 397, 259 S.E.2d 843, 853 (1979), *cert. denied*, 446 U.S. 941, 64 L. Ed. 2d 795 (1980). In the instant case, the "Organization of Trial Tribunal" appearing in the record states, in pertinent part: "The Defendant then plead guilty to the charge of Possession of a Controlled Substance and admitted to Habitual Felon Status, reserving his right to appeal the Court's denial of Defendant's motion to suppress pursuant to [G.S. § 15A-979(b)]." Defendant gave notice of appeal, which is also included in the record on appeal, and the same trial judge who accepted the plea appointed counsel to perfect the appeal. As evidenced by the "Notice of Approval of Defendant-Appellant's Proposed Record on Appeal," signed by an attorney for the State on 10 January 2000, and appearing in the record, the State expressly approved the record on appeal, including the statements appearing in the "Organization of Trial Tribunal." In addition, the State expressly concedes in its brief that defendant reserved his right to appeal. While I agree with the majority that these two factors may not establish as a matter of fact that defendant did reserve his right to appeal before the plea negotiations were finalized, as clearly as if it were written on the plea form, I believe these two factors are sufficient to satisfy the policy underlying the rule set forth in *Reynolds*.

The holding in *Reynolds* was based on the following reasoning:

"Once the defendant chooses to bypass the orderly procedure for litigating his constitutional claims in order to take the benefits, if any, of a plea of guilty, the State acquires a legitimate expectation of finality in the conviction thereby obtained."

*Reynolds*, 298 N.C. at 397, 259 S.E.2d at 853 (quoting *Lefkowitz v. Newsome*, 420 U.S. 283, 289, 43 L. Ed. 2d 196, 202 (1975)). The Court further opined that in adopting G.S. § 15A-979(b), the legislature could not have intended to allow a defendant to contest a plea bargain in a situation in which the State gets "trapped" into agreeing to a plea bargain without any knowledge that the defendant intends to appeal the denial of his suppression motion. *Id.* The Court emphasized that what was lacking was a "clear understanding and expecta-

tion" on the part of the State and the Court at the time of the sentencing proceeding that the defendant intended to appeal the denial of his motion to suppress. *Id.* at 396, 259 S.E.2d at 853.

Furthermore, the majority cites to *Mason v. Commissioners of Moore*, 229 N.C. 626, 51 S.E.2d 6 (1948), for the proposition that the alleged omission at issue cannot be corrected by counsel by stipulation. However, *Mason* clearly raised an entirely different question than that posed by the instant case, in that it involved the jurisdictional effect of a failure to include Notice of Appeal in the record. In *Mason*, the record did not show that plaintiffs had excepted to the judgment entered, or had appealed therefrom, or had given any notice of appeal. The Court explained that without such entries, "this Court has no jurisdiction and is without authority to consider the questions attempted to be presented." *Id.* at 628, 51 S.E.2d at 7. For this reason, the purported appeal was dismissed. The instant case does not involve a failure to include in the record an entry showing that appeal has been taken, nor does the instant case involve a jurisdictional issue. Rather, the issue is whether defendant waived his appeal of right provided by G.S. § 15A-979(b) by failing to give notice, before plea negotiations were finalized, of his intention to appeal from the suppression motion denial. *See Reynolds*, 298 N.C. at 397, 259 S.E.2d at 853. In *State v. McBride*, 120 N.C. App. 623, 463 S.E.2d 403 (1995), *aff'd*, 344 N.C. 623, 476 S.E.2d 106 (1996), this Court discussed the distinction between Notice of Appeal and notice of intent to appeal:

> A Notice of Appeal is distinct from giving notice of intent to appeal. Notice of intent to appeal prior to plea bargain finalization is a rule designed to promote a "fair posture for appeal from a guilty plea." Notice of Appeal is a procedural appellate rule, required in order to give "this Court jurisdiction to hear and decide a case."

*Id.* at 625, 463 S.E.2d at 405 (citations omitted). The underlying issue, therefore, is whether this case comes before us upon a "fair posture for appeal," and this issue involves consideration of whether the State had a "legitimate expectation of finality in the conviction" that was based upon defendant's guilty plea. *See Reynolds*, 298 N.C. at 397, 259 S.E.2d at 853. I do not believe an appeal can be said to involve an unfair posture where the State has consented to the record containing a statement in the "Organization of Trial Tribunal" that defendant has reserved his right to appeal, and where the State in its own brief concedes that defendant reserved his right to appeal.

Finally, I believe considering defendant's appeal on the merits at this time would "prevent further expenditure of this Court's time and other expenses by the State." *State v. Morris*, 41 N.C. App. 164, 166, 254 S.E.2d 241, 242, *cert. denied*, 297 N.C. 616, 267 S.E.2d 657 (1979). As a practical matter, given that the State does not contest that defendant reserved his right to appeal before plea negotiations were finalized, all that will be achieved by dismissing this appeal and allowing defendant to seek an evidentiary hearing on the issue is an unnecessary delay in addressing the merits of defendant's appeal, and additional expenditures by the State.

For the reasons set forth herein, I respectfully dissent.