STATE OF NORTH CAROLINA v. JON ERIC PIMENTAL

No. COA01-1086

(Filed 17 September 2002)

**1. Appeal and Error— appealability—defendant who entered guilty plea—writ of certiorari**

The State's motion to dismiss a defendant's appeal as to the first eight issues raised in defendant's brief in a first-degree burglary and second-degree murder case is granted, and the dismissal is without prejudice to defendant's right to seek an evidentiary hearing at the trial court to determine whether defendant's guilty plea was entered reserving the right to appeal the denial of his motions to suppress, because: (1)

N.C.G.S. § 15A-1444(e) provides that a defendant who has entered a plea of guilty is not entitled to appellate review as of right unless defendant is appealing sentencing issues or the denial of a motion to suppress or defendant has made an unsuccessful motion to withdraw the guilty plea; and (2) the Court of Appeals does not have authority to grant a writ of certiorari since defendant has not failed to take timely action, defendant is not attempting to appeal from an interlocutory order, and defendant is not seeking review of an order of the trial court denying a motion for appropriate relief.

**2. Sentencing— aggravating factor—murder committed with premeditation and deliberation**

The trial court did not err by imposing an aggravated sentence for second-degree murder based on the nonstatutory aggravating factor that the murder was committed with premeditation and deliberation even though the case is remanded for correction of a clerical error containing the term malice on the sentencing form, because: (1) there was no actual acquittal of defendant on the charge of first-degree murder and no binding jury determination as to whether the murder was committed with premeditation and deliberation when defendant was indicted and tried for first-degree murder but subsequently pled guilty to second-degree murder; (2) a sentencing judge is not precluded from finding premeditation and deliberation as an aggravating factor even though the State has accepted a defendant's plea of guilty to second-degree murder; and (3) the trial court's reference to the murder being committed with malice was a lapsus linguae which did not prejudice defendant since the State has not argued that the murder was committed with malice and defense counsel in his response did not use the term malice.

Appeal by defendant from judgments entered 7 November 2000 by Judge J. Richard Parker in Dare County Superior Court. Heard in the Court of Appeals 6 June 2002.

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General H. Alan Pell, for the State.*

*McCotter, McAfee & Ashton, PLLC, by Rudolph A. Ashton, III, and Robert J. McAfee, for defendant-appellant.*

STATE v. PIMENTAL

[153 N.C. App. 69 (2002)]

CAMPBELL, Judge.

Jon Eric Pimental ("defendant") purports to appeal from judgments entered 7 November 2000 consistent with his Alford plea of guilty to second degree murder and first degree burglary. In the alternative, defendant petitions this Court for writ of certiorari.

Defendant was indicted for first degree murder and first degree burglary. Defendant was tried capitally. Following the presentation of evidence by the State and defendant, the jury was instructed that it could find defendant guilty of first degree murder, guilty of second degree murder or not guilty on the murder charge, and guilty or not guilty of first degree burglary. On the murder charge, the jury was instructed that it could find defendant guilty of first degree murder on the basis of premeditation and deliberation or the felony murder rule—with the underlying felony being burglary.

Following deliberation, the jury returned verdict forms finding defendant guilty of first degree burglary and second degree murder. Upon review of the jury's verdict forms, the trial court sent the jury back to the jury room and informed counsel of its concern that the jury had returned an inconsistent verdict. The trial court then asked counsel to present argument concerning the trial court's responsibility to accept an inconsistent verdict. Following a weekend recess and further argument from both sides, the trial court denied defendant's motion that the trial court accept the jury's verdict and denied defendant's oral motion for a mistrial. The trial court then informed the jury that it had returned an inconsistent verdict and instructed the jury to resume deliberation. The trial court also informed the jury that it would accept the jury's verdict if, upon further deliberation, the jury once again returned a verdict of guilty of second degree murder and first degree burglary. While the jury was still in deliberation, defendant entered an Alford plea of guilty to second degree murder and first degree burglary. The trial court accepted defendant's plea, entered judgment consistent therewith, and sentenced him to consecutive prison terms in the aggravated range of 129 to 164 months for first degree burglary and 276 to 341 months for second degree murder. In sentencing defendant in the aggravated range for second degree murder, the trial court found as a non-statutory aggravating factor that the offense was committed with malice, premeditation and deliberation. Defendant gave timely notice of appeal.

In his brief to this Court, defendant contends that the trial court erred in (1) denying defendant's motions for a continuance, (2) deny-

ing defendant's motion to dismiss the short-form murder indictment and limit the prosecution to second degree murder, (3) denying defendant's motion to suppress statements made by him to law enforcement on 24 January 2000, (4) denying defendant's motion to suppress evidence obtained without a search warrant, (5) allowing the State to introduce into evidence prejudicial photographs of defendant, (6) denying defendant's motion to dismiss the charges on the ground of insufficient evidence of specific intent, (7) allowing defense counsel to argue to the jury that defendant was at most guilty of second degree murder, (8) denying defendant's motion to accept the jury's verdict and motion for a mistrial, and (9) finding as a non-statutory aggravating factor that the murder was committed with malice, premeditation and deliberation.

The State filed a motion to dismiss defendant's appeal as to Argument Nos. 1-8 set out above, contending that defendant's right to appeal is precluded by operation of N.C. Gen. Stat. § 15A-1444 and defendant's guilty plea.[1] In response, defendant asserts that he was in fact found guilty by the jury, and that the trial court's refusal to accept the jury's verdict should not interfere with his right to appeal. In the alternative, defendant requests that this Court grant a writ of certiorari to review the merits of his appeal.

[1] We first address whether this Court has the authority to review the trial court's judgments entered consistent with defendant's guilty plea.

In North Carolina, a defendant's right to appeal in a criminal proceeding is purely a creation of state statute. *See* N.C. Gen. Stat. § 15A-1444 (2001); *State v. McBride*, 120 N.C. App. 623, 624, 463 S.E.2d 403, 404 (1995), *aff'd*, 344 N.C. 623, 476 S.E.2d 106 (1996); *State v. Shoff*, 118 N.C. App. 724, 725, 456 S.E.2d 875, 876 (1995), *aff'd*, 342 N.C. 638, 466 S.E.2d 277 (1996). Furthermore, there is no federal constitutional right obligating courts to hear appeals in criminal proceedings. *Abney v. United States*, 431 U.S. 651, 656, 52 L. Ed. 2d 651, 657 (1977). N.C. Gen. Stat. § 15A-1444 provides, in pertinent part:

(a1) A defendant who has been found guilty, or *entered a plea of guilty* or no contest to a felony, is entitled to appeal as a matter of right the issue of whether his or her sentence is supported by evidence introduced at the trial and sentencing hearing only if the

---

1. The State concedes that defendant is entitled to appeal as a matter of right as to Argument No. 9, which relates to sentencing issues.

minimum sentence of imprisonment does not fall within the presumptive range for the defendant's prior record or conviction level and class of offense. Otherwise, the defendant is not entitled to appeal this issue as a matter of right but may petition the appellate division for review of this issue by writ of certiorari.

(a2) A defendant who has *entered a plea of guilty* or no contest to a felony or misdemeanor in superior court is entitled to appeal as a matter of right the issue of whether the sentence imposed:

(1) Results from an incorrect finding of the defendant's prior record level under G.S. 15A-1340.14 or the defendant's prior conviction level under G.S. 15A-1340.21;

(2) Contains a type of sentence disposition that is not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level; or

(3) Contains a term of imprisonment that is for a duration not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level.

. . .

(e) Except as provided in subsections (a1) and (a2) of this section and G.S. 15A-979, and except when a motion to withdraw a plea of guilty or no contest has been denied, the defendant *is not entitled to appellate review as a matter of right when he has entered a plea of guilty* or no contest to a criminal charge in the superior court, but he may petition the appellate division for a writ of certiorari . . . .

N.C.G.S. § 15A-1444 (emphasis added). Pursuant to N.C. Gen. Stat. § 15A-979(b) (2001), "[a]n order finally denying a motion to suppress evidence may be reviewed upon an appeal from a judgment of conviction, including a judgment entered upon a plea of guilty."

Accordingly, under N.C.G.S. § 15A-1444(e), a defendant who has entered a plea of guilty is not entitled to appellate review as a matter of right, unless the defendant is appealing sentencing issues or the denial of a motion to suppress, or the defendant has made an unsuccessful motion to withdraw the guilty plea. *See* N.C.G.S. § 15A-1444(e); *State v. Dickson*, 151 N.C. App. 136,

**STATE v. PIMENTAL**

[153 N.C. App. 69 (2002)]

—— S.E.2d —— (COA01-890, filed 18 June 2002). Applying N.C.G.S. § 15A-1444(e) to the instant case, we conclude that defendant is not entitled to appellate review as a matter of right as to Argument Nos. 1, 2, 5, 6, 7 and 8, because those arguments do not involve sentencing issues or the denial of a motion to suppress, and defendant has not made a motion to withdraw his guilty plea.[2]

However, in Argument Nos. 3 and 4, defendant contends that the trial court erred in denying his motions to suppress. Accordingly, we examine the record on appeal to determine whether defendant complied with the established case and statutory law, which mandates that notice of intent to appeal the denial of a motion to suppress be *specifically* given to the trial court and prosecution prior to the entry of a guilty plea.

While N.C.G.S. § 15A-979(b) allows appellate review of the denial of a motion to suppress upon appeal from a judgment entered on a guilty plea, "[t]his statutory right to appeal is conditional, not absolute." *McBride*, 120 N.C. App. at 625, 463 S.E.2d at 404; *accord State v. Brown*, 142 N.C. App. 491, 492, 543 S.E.2d 192, 193 (2001). Pursuant to this statute, "a defendant bears the burden of notifying the state and the trial court during plea negotiations of the intention to appeal the denial of a motion to suppress, or the right to do so is waived after a plea of guilty." *McBride*, 120 N.C. App. at 625, 463 S.E.2d at 404 (citing *State v. Reynolds*, 298 N.C. 380, 396-97, 259 S.E.2d 843, 853 (1979). This Court has held that such "notice must be *specifically* given." *Id.* (emphasis in original).

The propriety of a rule nearly identical to ours was addressed by the United States Supreme Court in *Lefkowitz v. Newsome*, 420 U.S. 283, 43 L. Ed. 2d 196 (1975). There the United States Supreme Court noted:

> Once the defendant chooses to bypass the orderly procedure for litigating his constitutional claims in order to take the benefits, if any, of a plea of guilty, the State acquires a legitimate expectation of finality in the conviction thereby obtained.

---

2. In so concluding, we disagree with defendant's contention that the jury had in fact found him guilty. The record shows that the trial court did not accept the jury's verdict and thus the verdict never became final and complete. *See e.g., State v. Abraham*, 338 N.C. 315, 359, 451 S.E.2d 131, 155 (1994); *State v. Hampton*, 294 N.C. 242, 247-48, 239 S.E.2d 835, 839 (1978). Due to the perceived inconsistency in the verdict, we find that the trial court's failure to accept it was within the trial court's limited legal discretion to do so. *See Abraham*, 338 N.C. at 359-60, 451 S.E.2d at 155.

*Lefkowitz*, 420 U.S. at 289, 43 L. Ed. 2d at 202. Similarly, in *State v. Reynolds*, 298 N.C. 380, 259 S.E.2d 843 (1979), our Supreme Court supported the reasoning behind this limitation on the statutory right to appeal as follows:

> The plea bargaining table does not encircle a high stakes poker game. It is the nearest thing to arm's length bargaining the criminal justice system confronts. As such, it is entirely inappropriate for either side to keep secret any attempt to appeal the conviction.

*Id.* at 397, 259 S.E.2d at 853.

As stated by this Court in *McBride*:

> Once a defendant strikes the most advantageous bargain possible with the prosecution, that bargain is incontestable by the state once judgment is final. If the defendant may first strike the plea bargain, "lock in" the State upon final judgment, and then appeal a previously denied suppression motion, it gets a second bite at the apple, a bite usually meant to be foreclosed by the plea bargain itself.

*McBride*, 120 N.C. App. at 626, 463 S.E.2d at 405.

In the instant case, the Transcript of Plea states the following terms and conditions:

> Defendant pleads guilty to first degree burglary and second degree murder. Defendant preserves his right to appeal any and all issues which are so appealable pursuant to North Carolina statutory law and North Carolina case law and pursuant to this plea agreement.

In addition, the transcript shows that the trial court asked defendant if these were the terms and conditions of his guilty plea and defendant answered in the affirmative. The State maintains in its motion to dismiss that the language in the Transcript of Plea and the exchange between the trial court and defendant does not constitute specific notification that defendant intended to appeal the denial of his motions to suppress. Defendant counters by arguing that the language in the Transcript of Plea is sufficient notification.

Upon review of the trial transcript, we note that defendant failed to object when the trial court denied on the record those motions to suppress which defendant now asks this Court to review on appeal.

Further, as the State points out, the record on appeal contains no written rulings or findings of fact related to the trial court's denial of these motions to suppress, nor were the trial court's findings of fact and conclusions of law made part of the trial transcript. It appears from the transcript and record on appeal that the trial court denied defendant's motions to suppress, without objection by defendant, and then failed to enter on the record the findings of fact and conclusions of law in support of its denials. In light of this record, we doubt that the State and the trial court were made aware prior to entry of defendant's guilty plea that defendant intended to appeal the denial of those suppression motions now raised on appeal. Defendant failed to object when the trial court denied his motions to suppress on the record and the motions to suppress seem to have been forgotten as the trial proceeded. Accordingly, we conclude that the language in the Transcript of Plea that defendant "preserved his right to appeal any and all issues which are so appealable" was not sufficiently specific notice of defendant's intent to appeal the denial of his motions to suppress. If defendant wished to preserve his right to appeal the denial of those motions to suppress, defense counsel need only have insisted that the Transcript of Plea state that defendant was "reserving his right to appeal the Court's denial of his motions to suppress pursuant to N.C.G.S. § 15A-979(b)." Having failed to do so, we hold that defendant has waived appellate review as a matter of right as to Argument Nos. 3 and 4 and we dismiss defendant's appeal as to the denial of defendant's motions to suppress.[3]

Having concluded that defendant has no right to appeal as to the issues raised in Argument Nos. 1-8, we turn to defendant's request that this Court grant a writ of certiorari to address the merits of defendant's arguments.

While N.C.G.S. § 15A-1444(e) allows a defendant to petition for writ of certiorari after entering a guilty plea, this Court is limited to issuing a writ of certiorari

in appropriate circumstances . . . to permit review of the judgments and orders of trial tribunals when the right to prosecute an

---

3. This dismissal is without prejudice to defendant's right to seek an evidentiary hearing in superior court to determine whether or not the guilty plea was in fact entered reserving defendant's right to appeal the denial of the motions to suppress. If it is determined that defendant pled guilty while properly reserving his right to appeal, review may then be sought by petition for writ of certiorari filed with this Court. At that time, defendant will have lost his right to prosecute an appeal by failure to take timely action, and a petition for writ of certiorari will be his only avenue of appeal.

appeal has been lost by failure to take timely action, or when no right of appeal from an interlocutory order exists, or for review pursuant to G.S. 15A-1422(c)(3) of an order of the trial court denying a motion for appropriate relief.

N.C. R. App. P. 21(a)(1) (2002). In *State v. Dickson*, 151 N.C. App. 136, —— S.E.2d —— (COA01-890, filed 18 June 2002), this Court recently reiterated that

The North Carolina Constitution "gives exclusive authority to [our] Supreme Court to make rules of practice and procedure for the appellate division," thus, where, as here, "the North Carolina General Statutes conflict with Rules of Appellate Procedure, the Rules of Appellate Procedure will prevail."

*Id.* at 138, —— S.E.2d at —— (quoting *Neasham v. Day*, 34 N.C. App. 53, 55-56, 237 S.E.2d 287, 289 (1977)). In the instant case, defendant has not failed to take timely action, is not attempting to appeal from an interlocutory order, and is not seeking review of an order of the trial court denying a motion for appropriate relief. Thus, this Court does not have the authority to issue a writ of certiorari. Accordingly, because defendant does not have a right to appeal and this Court is without authority to grant a writ of certiorari, the State's motion to dismiss defendant's appeal is allowed and defendant's appeal is dismissed as to Argument Nos. 1-8 raised in defendant's brief.

**[2]** Finally, we address the one issue raised by defendant which he is entitled to appeal as a matter of right under N.C.G.S. § 15A-1444(e). Defendant contends that the trial court erred in finding as a non-statutory aggravating factor that the murder was committed with malice, premeditation and deliberation.

First, defendant argues that the trial court erred in finding this aggravating factor because the jury had convicted defendant of murder in the second degree after a trial on the charge of murder in the first degree, thereby demonstrating to the trial judge that premeditation and deliberation was not supported by the evidence. In support of his argument, defendant relies on the Supreme Court's decision in *State v. Marley*, 321 N.C. 415, 364 S.E.2d 133 (1988).

In *Marley*, the defendant was tried before a jury on a charge of murder in the first degree and convicted of murder in the second degree. On appeal, the defendant contended that the sentencing judge was precluded by considerations of due process from finding as an

aggravating factor that defendant acted with premeditation and deliberation. The Supreme Court agreed, reasoning as follows:

> To allow the trial court to use at sentencing an essential element of a greater offense as an aggravating factor, when the presumption of innocence was not, at trial, overcome as to this element, is fundamentally inconsistent with the presumption of innocence itself.

> We conclude that due process and fundamental fairness precluded the trial court from aggravating defendant's second degree murder sentence with the single element—premeditation and deliberation—which, in this case, distinguished first degree murder after the jury had acquitted defendant of first degree murder.

*Marley*, 321 N.C. at 425, 364 S.E.2d at 139.

We disagree with defendant's contention that *Marley* controls the resolution of the issue in the instant case. In the instant case, defendant was indicted and tried for murder in the first degree and subsequently pled guilty to murder in the second degree. As earlier noted, the trial court, acting within its limited legal discretion, did not accept the jury's verdict of guilty of murder in the second degree. A verdict is not complete until it is accepted by the court. *Abraham*, 338 N.C. at 359, 451 S.E.2d at 139; *State v. Rhinehart*, 267 N.C. 470, 481, 148 S.E.2d 651, 659 (1966). Thus, unlike in *Marley*, here there was no actual acquittal of defendant on the charge of murder in the first degree and no binding jury determination as to whether the murder was committed with premeditation and deliberation.

We find that the instant case is controlled by the Supreme Court's decisions in *State v. Melton*, 307 N.C. 370, 298 S.E.2d 673 (1983) and *State v. Brewer*, 321 N.C. 284, 362 S.E.2d 261 (1987). In *Melton*, the defendant was indicted for murder in the first degree, but the State agreed not to try the defendant for murder in the first degree in exchange for the defendant's plea of guilty to murder in the second degree. At sentencing, the judge found that the killing was done with premeditation and deliberation. On appeal, the defendant argued "that fundamental fairness requires that facts underlying charges which have been dismissed pursuant to a plea bargain cannot be used during sentencing for the admitted charge." *Melton*, 307 N.C. at 376, 298 S.E.2d at 678. Noting that "[t]he mere fact that a guilty plea has been accepted pursuant to a plea bargain does not preclude the sen-

tencing court from reviewing all of the circumstances surrounding the admitted offense in determining the presence of aggravating or mitigating factors," the Supreme Court held that "[a]s long as they are not elements essential to the establishment of the offense to which the defendant pled guilty, all circumstances which are transactionally related to the admitted offense and which are reasonably related to the purposes of sentencing must be considered during sentencing." *Id.* at 377-78, 298 S.E.2d at 678-79 (citations omitted). The Court further held that, although the State agreed not to prosecute the defendant for murder in the first degree, the fact that he premeditated and deliberated the killing was transactionally related to the second degree murder conviction and was therefore properly considered by the judge during sentencing. *Id.*

In *Brewer*, the defendant was charged with murder in the first degree and entered a plea of guilty to murder in the second degree. Upon being sentenced to life imprisonment, the defendant appealed assigning error to the trial judge's finding of premeditation and deliberation as a non-statutory aggravating factor. The Supreme Court again held that the fact that the defendant premeditated and deliberated the killing was transactionally related to the offense of murder in the second degree and was therefore properly considered by the sentencing judge. *Brewer,* 321 N.C. at 286, 362 S.E.2d at 262. Both *Brewer* and *Melton* hold that a determination by the preponderance of the evidence that a defendant premeditated and deliberated a killing is reasonably related to the purposes of sentencing. *Brewer,* 321 N.C. at 286, 362 S.E.2d at 262; *Melton,* 307 N.C. at 378, 298 S.E.2d at 679. Therefore, a sentencing judge is not precluded from finding premeditation and deliberation as an aggravating factor even though the State has accepted a defendant's plea of guilty to second degree murder.

In both *Melton* and *Brewer*, the Court noted that a plea of guilty to second degree murder is fundamentally different from a conviction of second degree murder when the defendant has been tried on a charge of first degree murder. *Brewer,* 321 N.C. at 286 n. 1, 362 S.E.2d at 262; *Melton,* 307 N.C. at 375-76 n. 2, 298 S.E.2d at 677.

The facts in the instant case are similar to those in *Melton* and *Brewer*. Defendant was tried for first degree murder based on premeditation and deliberation and the State accepted a plea of guilty to second degree murder. Defendant was never convicted of second degree murder. As the Supreme Court held in *Melton* and *Brewer*, we hold that acceptance of defendant's guilty plea to second degree mur-

der did not prevent the sentencing judge from finding the non-statutory aggravating factor that the murder was committed with premeditation and deliberation and using that factor as the basis for imposing a sentence greater than the presumptive term.

Defendant also argues that the trial court erred in finding as an aggravating factor that the murder was committed with *malice*, premeditation and deliberation, because *malice* is an element of second degree murder and the sentencing judge may not find as an aggravating factor an essential element of the offense for which defendant is being sentenced.

At the sentencing hearing, the State requested that the trial court find as a non-statutory aggravating factor that the murder was committed with premeditation and deliberation. Defense counsel responded by arguing that the overwhelming evidence showed that the murder was not premeditated and deliberated. The trial court then found on the record that the murder was committed with *malice*, premeditation and deliberation. The State had not argued that the murder was committed with *malice* and defense counsel in his response did not use the term *malice*. Accordingly, we conclude that the trial court's reference to the murder being committed with *malice* was a *lapsus linguae*, simply an inadvertent mistake, which did not prejudice defendant. We further conclude that the trial court's inclusion of the term *malice* next to box 20 on the Felony Judgment Findings of Aggravating and Mitigating Circumstances form was simply a clerical error. Therefore, we affirm the sentence imposed by the trial court and remand for correction of the clerical error contained on the sentencing form.

In summary, we grant the State's motion to dismiss defendant's appeal as to the first eight issues raised in defendant's brief. This dismissal is without prejudice to defendant's right to seek an evidentiary hearing in superior court to determine whether his guilty plea was entered reserving the right to appeal the denial of his motions to suppress. We affirm the aggravated sentence for second degree murder imposed by the trial court and remand for correction of the clerical error contained on the sentencing form.

Dismissed in part, affirmed in part, and remanded for correction of clerical error.

Judges WYNN and MARTIN concur.