STATE OF NORTH CAROLINA
v.
OTILIO GUEVARA DIEZ
No. COA06-1516
Court of Appeals of North Carolina.
Filed August 7, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Marc X. Sneed, for the State.
McAfee Law, P.A., by Robert J. McAfee, for defendant-appellant.
CALABRIA, Judge.
Otilio Guevara Diez ("defendant") plead guilty to trafficking in cocaine by transportation, trafficking in cocaine by possession, and possession with intent to sell or deliver cocaine. Defendant appeals from an order denying his motion to suppress the evidence. It cannot be determined from the record before this Court whether defendant notified the State and the trial court of his intent to appeal the motion to suppress prior to finalization of his plea arrangements, therefore, his appeal is dismissed.
On 14 July 2005, deputies from the Durham County Sheriff's Department seized nine ounces of cocaine from a vehicle driven by defendant. On 1 August 2005, the Durham County grand jury indicted defendant on charges of trafficking in cocaine by transportation, trafficking in cocaine by possession, and possession with intent to sell or deliver cocaine. Defendant filed a motion to suppress the evidence seized by the police officers and the motion was first heard by the trial court on 20 March and continued on 23 March 2006. The trial court denied the motion in open court after finding that there was an articulable reason to stop the vehicle and that there was probable cause to stop and search the vehicle. The trial court then directed the State to prepare the order.
In the transcript of plea dated 23 March 2006, defendant pled guilty to the three charges. The State agreed to consolidated the offenses for judgment and defendant would be sentenced to a minimum term of 70 months to a maximum term of 84 months in the North Carolina Department of Correction. The plea agreement also required defendant to pay the mandatory statutory fine of $100,000.00. The appellate entries dated 23 March 2006 indicate that defendant gave notice of appeal to this Court. In the section labeled "date(s) of all other proceedings" on the appellate entries document, the phrase "motion to suppress & plea" is listed. The notation "*only appealing motion" appears in the section labeled "name and address of transcriptionist(s) of all other proceedings[.]" Appellate counsel was subsequently appointed on 31 March 2006. Defendant's counsel filed the record on appeal as well as the transcript of the suppression hearing with this Court on 15 November 2006. Defendant contends the trial court erred in denying his motion to suppress because the evidence did not support the findings of reasonable suspicion and probable cause. He further contends the trial court's oral order was without legal effect because it contained insufficient factual findings to support it. For the reasons stated below, defendant has preserved these issues for this Court's review.
"An order finally denying a motion to suppress evidence may be reviewed upon an appeal from a judgment of conviction, including a judgment entered upon a plea of guilty." N.C. Gen. Stat. § 15A-979(b) (2005). However, "[t]his statutory right to appeal is conditional, not absolute." State v. McBride, 120 N.C. App. 623, 625, 463 S.E.2d 403, 404 (1995), aff'd 344 N.C. 623, 476 S.E.2d 106 (1996). "[A] defendant bears the burden of notifying the state and the trial court during plea negotiations of the intention to appeal the denial of a motion to suppress, or the right to do so is waived after a plea of guilty." Id. This "[n]otice of intent to appeal prior to plea bargain finalization is a rule designed to promote a `fair posture for appeal from a guilty plea.'" Id. at 625, 463 S.E.2d at 405 (quoting State v. Reynolds, 298 N.C. 380, 397, 259 S.E.2d 843, 853 (1979), cert. denied, 446 U.S. 941, 64 L. Ed. 2d 795 (1980)). A defendant must present this Court with a record demonstrating his compliance with this notice requirement. State v. Brown, 142 N.C. App. 491, 492-93, 543 S.E.2d 192, 193-94 (2001). The rule in this State is that notice must be specifically given. State v. McBride, 120 N.C. App. 623, 625, 463 S.E.2d 403, 404 (1995).
Defendant here points to the appellate entries document in the record as proof that he has reserved the right to appeal the trial court's denial of his motion to suppress. This document, however, does not provide the type of notice required under State v. Reynolds, which placed the burden on the defendant to ensure proper and actual notice of intent to appeal. Reynolds, 298 N.C. at 397, 259 S.E.2d at 853. Upon review of the entire record before this Court, there is nothing to indicate that defendant gave the required notice to the State and the trial court of his intent to appeal the denial of his suppression motion prior to entry of his guilty plea. See McBride, 120 N.C. App. at 625, 463 S.E.2d at 404. This Court notes that defendant did not include a transcript of the hearing in which he entered his guilty plea in the record.
"This Court . . . is bound by the record as certified and can judicially know only what appears of record." State v. Williams, 280 N.C. 132, 137, 184 S.E.2d 875, 878 (1971). "It is the appellant's duty and responsibility to see that the record is in proper form and complete." State v. Alston, 307 N.C. 321, 341, 298 S.E.2d 631, 644-45 (1983). From the record presented, this Court cannot determine whether defendant gave the required notice of intent to appeal prior to entry of his guilty plea. Accordingly, defendant's appeal is dismissed "without prejudice to defendant's right to seek an evidentiary hearing in superior court determining whether or not the guilty plea was entered reserving defendant's right to appeal the denial of his motion to suppress."Brown, 142 N.C. App. at 493, 543 S.E.2d at 194. If it is found that defendant reserved the right to appeal, he may petition this Court for review by writ of certiorari. Id.
Dismissed.
Chief Judge MARTIN and Judge JACKSON concur.
Report per Rule 30(e).