McGEE, Chief Judge.
 

 *145
 
 James Douglas Triplett ("Defendant") appealed from a judgment entered after a jury found him guilty of robbery with a dangerous weapon, second-degree burglary, and first-degree felony murder. The trial court arrested judgment on Defendant's convictions for robbery with a dangerous weapon and second-degree burglary, and entered a judgment on the first-degree murder conviction. Defendant originally argued that the trial court erred by: (1) preventing Defendant from cross-examining his sister with a recording of a voicemail message in order to attack her credibility, and (2) allowing the State to use Defendant's silence against him. Defendant's first argument was addressed by this Court in a 2 September 2014 opinion that held Defendant was entitled to a new trial based on Defendant's first argument and, thus, it was not necessary to decide on Defendant's second argument.
 
 State v. Triplett
 
 ,
 
 236 N.C. App. 192
 
 ,
 
 762 S.E.2d 632
 
 (2014). On discretionary review, our Supreme Court reversed the decision of this Court and remanded the case to this Court for consideration of Defendant's second argument.
 
 State v. Triplett
 
 ,
 
 368 N.C. 172
 
 ,
 
 775 S.E.2d 805
 
 (2015).
 

 Defendant now argues the trial court erred in allowing "the State to use [Defendant's] post-arrest exercise of his right to [remain silent] against him." We disagree.
 

 Under both the Fifth Amendment to the United States Constitution, incorporated through the Fourteenth Amendment, and Article I, Section 23 of the North Carolina Constitution, any criminal defendant has the right to remain silent.
 
 Miranda v. Arizona
 
 ,
 
 384 U.S. 436
 
 , 444,
 
 86 S.Ct. 1602
 
 ,
 
 16 L.Ed.2d 694
 
 (1966) ;
 
 State v. Lane
 
 ,
 
 301 N.C. 382
 
 , 384,
 
 271 S.E.2d 273
 
 , 275 (1980).
 
 Miranda
 
 requires that before any person in custody is subjected to interrogation, that person must be informed in clear and unequivocal terms that they have the right to remain silent.
 
 Miranda
 
 ,
 
 384 U.S. at 467-68
 
 ,
 
 86 S.Ct. 1602
 
 . Once a defendant receives
 
 Miranda
 
 warnings and chooses to exercise the right to remain silent, the defendant's subsequent silence "cannot be used against him to impeach an explanation subsequently offered at trial."
 
 State v. Westbrooks
 
 ,
 
 345 N.C. 43
 
 , 63,
 
 478 S.E.2d 483
 
 , 495 (1996) (citing
 
 Doyle v. Ohio
 
 ,
 
 426 U.S. 610
 
 ,
 
 96 S.Ct. 2240
 
 ,
 
 49 L.Ed. 2d 91
 
 (1976) ). This protection arises because of an implicit assurance in
 
 Miranda
 
 that a defendant will not be penalized for exercising his constitutional right to remain silent.
 

 *407
 

 Doyle
 
 ,
 
 426 U.S. at 617-18
 
 ,
 
 96 S.Ct. at 2244-45
 
 ,
 
 49 L.Ed. 2d at 91
 
 .
 

 However, in order for a defendant to enjoy the protections of the Fifth Amendment, or Article I, Section 23 of the North Carolina Constitution, he must actually invoke this right, either expressly or by implication. A
 
 *146
 
 defendant expressly invokes his right to silence by stating that choice. A defendant invokes his right by implication when he has been advised of his rights pursuant to
 
 Miranda
 
 and chooses through his silence to claim his constitutional protections against self-incrimination:
 

 Thus, although the State does not suggest petitioners' silence could be used as evidence of guilt, it contends that the need to present to the jury all information relevant to the truth of petitioners' exculpatory story fully justifies the cross-examination that is at issue.
 

 Despite the importance of cross-examination, we have concluded that the
 
 Miranda
 
 decision compels rejection of the State's position. The warnings mandated by that case, as a prophylactic means of safeguarding Fifth Amendment rights, require that a person taken into custody be advised immediately that he has the right to remain silent, that anything he says may be used against him, and that he has a right to retained or appointed counsel before submitting to interrogation. Silence in the wake of these warnings may be nothing more than the arrestee's exercise of these
 
 Miranda
 
 rights. Thus, every post-arrest silence is insolubly ambiguous because of what the State is required to advise the person arrested. Moreover, while it is true that the
 
 Miranda
 
 warnings contain no express assurance that silence will carry no penalty, such assurance is implicit to any person who receives the warnings. In such circumstances, it would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial.
 

 Doyle v. Ohio
 
 ,
 
 426 U.S. 610
 
 , 617-18,
 
 96 S.Ct. 2240
 
 ,
 
 49 L.Ed. 2d 91
 
 (1976) (citations and footnotes omitted).
 
 [1]
 

 In the present case, this Court does not have to consider whether the State violated the Fifth Amendment by its questions and remarks at trial. Defendant's argument in the present case fails for the same reason as did the defendant's argument in
 
 State v. Alkano
 
 ,
 
 119 N.C. App. 256
 
 ,
 
 458 S.E.2d 258
 
 (1995) :
 

 *147
 
 [D]efendant contends that the in-court testimony of the officers concerning defendant's pre-
 
 Miranda
 
 , post-arrest lack of explanation or statement violated his constitutional right to remain silent. The problem with defendant's argument, here, is that defendant did
 
 not
 
 choose to remain silent.
 

 Id
 
 . at 260,
 
 458 S.E.2d at 261
 
 . The record evidence before us in the present case also indicates that Defendant did not choose to remain silent. The uncontradicted evidence presented by the State indicates that Defendant voluntarily talked with officers after his arrest.
 

 Further, Defendant acknowledges both that the record does not indicate when or how Defendant received
 
 Miranda
 
 warnings, nor does the record indicate that Defendant ever invoked his right to remain silent, either pre- or post-
 
 Miranda
 
 warnings.
 
 [2]
 
 In Defendant's reply brief he, for the first time, argues that this Court should presume that Defendant received
 
 Miranda
 
 warnings concurrent with his arrest, and that the allegedly improper statements concerning Defendant's "silence" referred to Defendant's "silence" after he had received
 
 Miranda
 
 warnings. First, Defendant may not use his reply brief to make new arguments on appeal. "[A] reply brief is not an avenue to correct the deficiencies contained in the
 
 *408
 
 original brief.
 
 See
 
 N.C. R. App. P. 28(b)(6) [.]"
 
 State v. Dinan
 
 ,
 
 233 N.C. App. 694
 
 , 698-99,
 
 757 S.E.2d 481
 
 , 485 (2014) (citation omitted). Second, Defendant does not include citation to any authority that stands for this principle, and we have found none. Third, it is the duty of Defendant, as the appellant, to insure the record is complete and to include all evidence necessary for this Court to conduct appellate review. " 'This Court ... is bound by the record as certified and can judicially know only what appears of record.' 'It is the appellant's duty and responsibility to see that the record is in proper form and complete.' "
 
 State v. Brown
 
 ,
 
 142 N.C. App. 491
 
 , 492-93,
 
 543 S.E.2d 192
 
 , 193 (2001) (citations omitted). Finally,
 

 Defendant's [constitutional] argument ... rests upon proof that police gave him the
 
 Miranda
 
 warnings at the time of arrest, thereby assuring him that his silence would not be used against him. The burden of demonstrating error rests
 
 *148
 
 upon the appealing party. In the case before us, defendant has failed to show that he was given
 
 Miranda
 
 warnings and therefore he has not met his burden of proving a denial of [his constitutional rights].
 

 State v. McGinnis
 
 ,
 
 70 N.C. App. 421
 
 , 423-24,
 
 320 S.E.2d 297
 
 , 300 (1984) ;
 
 see also
 

 Fletcher v. Weir
 
 ,
 
 455 U.S. 603
 
 , 605-06,
 
 102 S.Ct. 1309
 
 ,
 
 71 L.Ed. 2d 490
 
 (1982) (citation omitted) ("The significant difference between [
 
 Fletcher v. Weir
 
 ] and
 
 Doyle
 
 is that the record does not indicate that respondent Weir received any
 
 Miranda
 
 warnings during the period in which he remained silent immediately after his arrest. The majority of the Court of Appeals recognized the difference, but sought to extend
 
 Doyle
 
 to cover Weir's situation by stating that '[w]e think an arrest, by itself, is governmental action which implicitly induces a defendant to remain silent.' We think that this broadening of
 
 Doyle
 
 is unsupported by the reasoning of that case and contrary to our post-
 
 Doyle
 
 decisions.").
 

 As there is no record evidence that Defendant was given
 
 Miranda
 
 warnings, or that he at any time specifically invoked his Fifth Amendment right to remain silent, Defendant cannot demonstrate that his Fifth Amendment right to remain silent was improperly used against him at trial. This Court in
 
 Alkano
 
 cited with approval the following reasoning from
 
 United States v. Agee
 
 ,
 
 597 F.2d 350
 
 (3rd Cir. 1979) :
 

 "Silence" at the time of arrest is the critical element of the Fifth Amendment right on which Agee relies
 
 .... The Supreme Court has described that right as "the right 'to remain silent unless he chooses to speak in the unfettered exercise of his own will.' " The rationale which the Supreme Court adopted for its decision in
 
 Doyle
 
 was that it is fundamentally unfair for the prosecution to impose a penalty at trial on a defendant who has exercised that right by choosing to remain silent. ...
 
 Doyle
 
 can have no application to a case in which the defendant did not exercise his right to remain silent. ...
 
 Agee did not exercise his right to remain silent regarding the facts of the incident.
 

 Alkano
 
 ,
 
 119 N.C. App. at 261
 
 ,
 
 458 S.E.2d at 262
 
 (quoting
 
 Agee
 
 ,
 
 597 F.2d at
 
 354-56 ) (emphasis added in
 
 Alkano
 
 ). This Court then concluded:
 

 The fact remains that defendant did not remain silent. Rather, he made several inculpatory statements which he then chose to explain by testifying at trial.
 

 The prosecutor's questions to the officers concerning defendant's lack of explanation did not violate defendant's
 
 *149
 
 rights against self-incrimination under either the United States or North Carolina Constitutions.
 

 Alkano
 
 ,
 
 119 N.C. App. at 262
 
 ,
 
 458 S.E.2d at 262
 
 .
 

 We likewise hold that, because there is no record evidence that Defendant invoked his right to remain silent, and indeed, Defendant chose not to remain silent by talking to officers following his arrest, "[t]he prosecutor's questions to the officers concerning defendant's lack of explanation did not violate defendant's rights against self-incrimination under either the United States or North Carolina Constitutions."
 
 Id
 
 .
 

 We note that we would reach the same outcome even assuming
 
 arguendo
 
 we had evidence that Defendant received
 
 Miranda
 
 warnings prior to speaking with the officers in this case:
 

 *409
 
 When the defendant chooses to speak
 
 voluntarily
 
 after receiving
 
 Miranda
 
 warnings ... the rule in
 
 Doyle
 
 is not triggered. "Such questioning makes no unfair use of silence, because a defendant who voluntarily speaks after receiving
 
 Miranda
 
 warnings has not been induced to remain silent." Once the defendant speaks voluntarily, cross-examination on those statements is permissible if it "merely inquires into prior inconsistent statements." Cross-examination can properly be made into why, if the defendant's trial testimony regarding his alibi is true, he did not include in his earlier statement the relevant information disclosed at trial.
 

 State v. Fair
 
 ,
 
 354 N.C. 131
 
 , 156,
 
 557 S.E.2d 500
 
 , 518-19 (2001) (citations omitted).
 

 NO ERROR.
 

 Judges ELMORE and DAVIS concur.
 

 [1]
 

 The question of what constitutes "immediately" in order to satisfy
 
 Miranda
 
 and
 
 Doyle
 
 is not raised in this case, and we do not address it.
 

 [2]
 

 In fact, Defendant does not direct us to any record evidence that Defendant ever received
 
 Miranda
 
 warnings, and we have found none. Though it is likely that Defendant was explained his
 
 Miranda
 
 rights at some point in time, hopefully concurrent with his arrest, we may not presume facts not in the record on appeal.
 
 State v. Brown
 
 ,
 
 142 N.C. App. 491
 
 , 492-93,
 
 543 S.E.2d 192
 
 , 193 (2001).