STATE OF NORTH CAROLINA
v.
THOMAS FUNDERBURK, Defendant.
No. COA06-549
North Carolina Court of Appeals
Filed February 20, 2007
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Robert T. Hargett, for the State.
Don Willey for defendant-appellant.
WYNN, Judge.
Following his pleas of guilty on drug offenses, Defendant Thomas Funderburk seeks to appeal from the trial court's denial of his motions to (I) compel disclosure of the confidential informant and (II) suppress evidence. Because section 15A-1444(e) of the North Carolina General Statutes provides no statutory right to appeal the denial of the motion to compel disclosure, we dismiss that argument. Further, because the totality of the circumstances indicates that the search warrant in question was based on probable cause , we affirm the denial of the motion to suppress.
On 11 August 2003, the Mecklenburg County grand jury indicted Defendant for possession with intent to sell and deliver a controlled substance (cocaine), maintaining a dwelling house to keep controlled substances (cocaine), and with being an habitual felon. Defendant filed a motion on 28 April 2005 to compel the disclosure of a confidential informant's identity. He also filed a motion on 29 April 2005 to suppress evidence seized pursuant to an allegedly defective search warrant.
At an evidentiary hearing on 9 November 2005, Officer John Tobbe testified he had been involved in several hundred arrests involving cocaine and had worked with approximately fifteen confidential informants. On 27 March 2002, Officer Tobbe received information from a confidential informant that drugs were being sold at 3744 Seaman Drive in Charlotte. Officer Tobbe stated that there "was an ongoing investigation through this informant on this house . . . [which had] started a few weeks prior to [27 March 2002]." This confidential informant had previously provided information which had led to five different arrests and four convictions. Officer Tobbe further indicated that the confidential informant had never provided information which gave him reason to doubt his truthfulness. In a conversation with Officer Tobbe, the confidential informant stated he had been in the house within twenty-four hours of 27 March 2002. The confidential informant gave Officer Tobbe a description of an individual who was selling crack cocaine inside the house.
Using the information obtained from the confidential informant, Officer Tobbe applied for a search warrant on 27 March 2002. In the probable cause affidavit, Officer Tobbe stated he had
received information from a confidential and reliable informant who states that a blackmale, described above is possessing and selling cocaine from the above-described location. This informant states that they have [sic] been in the above-described location within the past 48 hours, and have seen the above black male possessing and selling crack cocaine. This officer has known the informant for approximately four months. During this time, this informant has admitted to purchasing controlled substances in the past, and is familiar with how they are packaged for sale and use on the streets of Charlotte. This informant has also given this officer information on various drug traffickers that this officer verified to be true and accurate through his own independent investigations. This informant has given this officer information that has led to the seizure of drugs, guns and currency and the arrest of drug dealers in the Charlotte area.
This Officer has been a police officer with the Charlotte-Mecklenburg Police Department for approximately 6 years and has been to drug school at the Charlotte-Mecklenburg Police Academy. This Officer has been directly and indirectly involved in numerous drug arrests and has assisted in the execution of over six dozen drug related search warrants. This officer has also attended a week long drug and gun initiative school given by Charlotte Mecklenburg Police Dept. and a day long drug interdiction class given by the Drug Enforcement Agency and also Tampa P.D.
After the search warrant was issued by the magistrate, Officer Tobbe and other officers executed it on 28 March 2002.
Upon entering the house, Officer Tobbe saw Defendant sitting in a chair at a kitchen table with crack cocaine, razor blades and baggies in front of him. He appeared to be cutting the chunks of cocaine into rocks and packaging the rocks for sale. Defendant admitted the cocaine was his, and he stated there was not any more in the house. Officer Tobbe stated Defendant appeared to match the age and description of the person described by the confidential informant. Defendant's sister was the only other individual in the house at the time. Officer Tobbe testified that the confidential informant had been paid a total of four hundred dollars to date by the police for his assistance in several cases and that he did not have a criminal case pending.
In announcing its ruling in open court, the trial court stated that Officer Tobbe's testimony, while helpful, was not "all that relevant, as to whether or not on March 27th, 2002 the magistrate was provided with sufficient information so as to issue a warrant based on probable cause." After reviewing the warrant, the trial court found facts consistent with the testimony of Officer Tobbe as summarized above. The trial court then concluded the State had met its burden of showing that the warrant was issued on sufficient probable cause based upon the information presented by the confidential informant, and it denied Defendant's motion to suppress.
Following the trial court's subsequent denial of his motion to compel disclosure of the confidential informant's identity, Defendant entered a plea of no contest to the charges. In the transcript of plea, Defendant sought to reserve the right to appeal the denial of both his motion to suppress and his motion to compel disclosure. Consistent with the plea arrangement's terms, the trial court consolidated the charges for judgment and sentenced defendant as an habitual felon to a term of sixty to eighty-one months' imprisonment. From the trial court's judgment, Defendant appeals, contending the trial court erred by denying his (I) motion to compel disclosure of the confidential informant's identity, and (II) motion to suppress.

I.
In his first argument, Defendant argues the trial court erred by denying his motion to compel disclosure of the confidential informant's identity. Under section 15A-1444(e) of the North Carolina General Statutes, a defendant who has entered a plea of no contest is not entitled to appellate review as a matter of right, unless the defendant is appealing sentencing issues or the denial of a motion to suppress, or the defendant has made an unsuccessful motion to withdraw the guilty plea. N.C. Gen. Stat. § 15A-1444(e) (2005). Because Defendant entered a plea of no contest, he is not entitled to appellate review of the denial of his motion to compel as a matter of right. See State v. Dickson, 151 N.C. App. 136, 138, 564 S.E.2d 640, 641 (2002). This argument is therefore dismissed.

II.
In his second argument, Defendant contends the trial court erred in denying his motion to suppress because the search warrant was not supported by probable cause. He argues the affidavit was insufficiently detailed and "supported only by the uncorroborated hearsay statement of an alleged paid confidential informant . . . ." Defendant asserts that given the lack of detail provided by the confidential informant as to how he came to be present in the house to witness the drug sale and about his own participation in drug activity there, the confidential informant's credibility is seriously compromised. We disagree.
Appellate review of the denial of a motion to suppress is permitted in an appeal from a judgment entered on a plea of no contest by section 15A-979(b) of the North Carolina General Statutes, but "[t]his statutory right to appeal is conditional, not absolute." State v. McBride, 120 N.C. App. 623, 625, 463 S.E.2d 403, 404 (1995), aff'd per curiam, 344 N.C. 623, 476 S.E.2d 106 (1996). Because Defendant did notify the trial court and the State of his intention to appeal the denial of his motion to suppress prior to his plea, he has preserved his appeal of right. See id.
In addressing whether a search warrant is supported by probable cause, our Supreme Court has stated that
a reviewing court must consider the "totality of the circumstances." In applying the totality of the circumstances test, this Court has stated that an affidavit is sufficient if it establishes "reasonable cause to believe that the proposed search . . . probably will reveal the presence upon the described premises of the items sought and that those items will aid in the apprehension or conviction of the offender. Probable cause does not mean actual and positive cause nor import absolute certainty." Thus, under the totality of the circumstances test, a reviewing court must determine "whether the evidence as a whole provides a substantial basis for concluding that probable cause exists." In adhering to this standard of review, we are cognizant that "great deference should be paid a magistrate's determination of probable cause and that after-the-fact scrutiny should not take the form of a de novo review."
State v. Sinapi, 359 N.C. 394, 398, 610 S.E.2d 362, 365 (2005)(citations omitted).
The trial court here concluded the State had met its burden by demonstrating the confidential informant's credibility, based upon his past history of providing reliable information, and a sufficient basis of knowledge, based upon the confidential informant having personally seen the information that he related to Officer Tobbe. The affidavit contained sufficient facts under the "totality of circumstances" test to support a finding of probable cause. Officer Tobbe had received information in the past from this confidential informant that had proved reliable. The confidential informant had admitted to purchasing controlled substances in the past and was familiar with how they were packaged for sale and use on the streets of Charlotte. He had been in the house within the forty-eight-hour period listed in the affidavit and had observed crack cocaine being sold there. The information provided a substantial basis for the probability that crack cocaine was present in the described house within the preceding forty-eight hours.
After a careful review of the trial court's order, we conclude the trial court correctly determined probable cause existed for the search and did not err in denying defendant's motion to suppress.
Affirmed.
Judges ELMORE and GEER concur.
Report per Rule 30(e).