An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1120

NORTH CAROLINA COURT OF APPEALS

Filed: 15 April 2014

STATE OF NORTH CAROLINA

v.                                              Mecklenburg County
                                                Nos. 10 CRS 218127-30, 32, 34
HEATH TAYLOR GERARD

Appeal by Defendant from judgments entered 7 May 2013 and from amended order entered 20 May 2013 by Judge Yvonne Mims Evans in Superior Court, Mecklenburg County. Heard in the Court of Appeals 18 February 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Derrick C. Mertz, for the State.*

> *Tin Fulton Walker & Owen, PLLC, by C. Melissa Owen, for Defendant.*

McGEE, Judge.

Heath Taylor Gerard ("Defendant") was indicted on 7 June 2010 for six counts of third-degree sexual exploitation of a minor. Detective C.E. Perez ("Detective Perez"), of the Charlotte-Mecklenburg Police Department, obtained a search warrant on 14 April 2010 to conduct a search of Defendant's

residence. Defendant filed a motion on 3 April 2013 to suppress evidence seized during the 14 April 2010 search of his residence. Defendant based his motion to suppress on violations of both the United States Constitution and the North Carolina Constitution.

In an order entered on 20 May 2013, the trial court concluded that "the warrant affidavit was 'purely conclusory' in stating that probable cause existed." The trial court found that the affidavit did not indicate how Detective Perez identified seventeen computer files from Defendant's computer as child pornography. However, the trial court further concluded that the good faith exception applied and denied Defendant's motion to suppress. Defendant entered a plea of "guilty pursuant to *Alford* decision" to six counts of third-degree sexual exploitation of a minor. Defendant appeals.

We must first address the issue of whether Defendant has the right to appeal. "[W]hen a defendant intends to appeal from a suppression motion denial pursuant to G.S. 15A-979(b), he must give notice of his intention to the prosecutor and the court before plea negotiations are finalized or he will waive the appeal of right provisions of the statute." *State v. Reynolds*, 298 N.C. 380, 397, 259 S.E.2d 843, 853 (1979). "A Notice of Appeal is distinct from giving notice of *intent* to appeal" prior

to a plea bargain. *State v. McBride*, 120 N.C. App. 623, 625, 463 S.E.2d 403, 405 (1995), *aff'd per curiam*, 344 N.C. 623, 476 S.E.2d 106 (1996).

In the present case, Defendant gave oral notice of appeal at trial after pleading guilty. However, Defendant failed to give notice of his *intention* to appeal either to the State or the trial court before plea negotiations were finalized. In fact, Defendant admitted, after the entry of the plea and just before giving oral notice of appeal, that he did not give notice of intent before his plea:

> [Defense Counsel]. We do have one other matter that I did not preserve before the entry of the guilty plea.
> We would like to note our objection to the Court's finding as it relates to the motion to suppress, and we'd like to enter notice of appeal.

Furthermore, the box for information on "Plea Arrangement" in the document titled "Transcript of Plea" in the record is blank. Thus, Defendant's appeal must be dismissed. *McBride*, 120 N.C. App. at 626, 463 S.E.2d at 405; *State v. Pimental*, 153 N.C. App. 69, 76, 568 S.E.2d 867, 871-72 (2002).

Dismissed.

Judges STEELMAN and ERVIN concur.

Report per Rule 30(e).