BRYANT, Judge.
 

 Brian Michael Ragland (defendant) was charged with first-degree murder by a true bill of indictment. In a separate bill of indictment, defendant was also charged with attaining the status of habitual felon. Defendant pled guilty to the lesser-included offense of involuntary manslaughter and admitted his status of habitual felon. The plea agreement provided that defendant would plead guilty to involuntary manslaughter and habitual felon in 02 CRS 52465 and both sides would be free to argue as to the sentence imposed as a Class C record Level IV defendant. The trial court determined defendant's prior record level points to be eleven and his prior record level to be IV. Defendant was thereafterdetermined to be a Class C felon with a record Level IV and sentenced within the presumptive range of 133 to 169 months imprisonment. Defendant appeals.
 

 On appeal, defendant raises three issues of whether: (I) defendant's habitual felon indictment failed to sufficiently allege three prior felony convictions; (II) the trial court improperly calculated his prior record level; and (III) the habitual felon statute is unconstitutional.
 

 I & III
 

 A defendant who pleads guilty to a crime has a limited appellate review as a matter of right to certain narrow issues related to sentencing, to review of the denial of a motion to suppress, or to review of the denial of a motion to withdraw a plea.
 
 State v. Pimental,
 

 153 N.C. App. 69
 
 , 73,
 
 568 S.E.2d 867
 
 , 870,
 
 disc. review denied,
 

 356 N.C. 442
 
 ,
 
 573 S.E.2d 163
 
 (2002). Otherwise, review may be obtained only by a petition for a writ of certiorari. N.C.G.S. § 15A-1444(e) (2003). Because arguments I and III do not challenge the sentence, the denial of a motion to suppress, or the denial of a motion to withdraw the plea, defendant does not have an appeal of right as to those issues.
 

 II
 

 We now address defendant's remaining argument, which is his contention the trial court erred in determining his prior record level. Defendant argues the State failed to prove the existence of the convictions listed in his prior record level worksheet and thathe did not stipulate to any prior record level.
 

 N.C. Gen. Stat. § 15A-1340.14 provides that the State bears the burden of proving by the preponderance of the evidence that "a prior conviction exists and that the offender before the court is the same person as the offender named in the prior conviction." N.C.G.S. § 15A-1340.14(f) (2003). A defendant's prior convictions may be proven by any of the following methods:
 

 (1) Stipulation of the parties.
 

 (2) An original or copy of the court record of the prior conviction.
 

 (3) A copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts.
 

 (4) Any other method found by the court to be reliable.
 

 N.C.G.S. § 15A-1340.14(f). A "worksheet, prepared and submitted by the State, purporting to list a defendant's prior convictions is, without more, insufficient to satisfy the State's burden in establishing proof of prior convictions."
 
 State v. Eubanks,
 

 151 N.C. App. 499
 
 , 505,
 
 565 S.E.2d 738
 
 , 742 (2002). In
 
 Eubanks,
 
 this Court upheld the defendant's sentence based on the submission of a prior level worksheet where the defendant failed to object at the time of its offer and where "the statements made by the attorney representing defendant . . . may reasonably be construed as a stipulation by defendant that he had been convicted of the charges listed on the worksheet."
 
 Id.
 
 at 506,
 
 565 S.E.2d at 743
 
 .
 

 Here, the State submitted a prepared worksheet listing the purported prior convictions of defendant. The trial courtsubsequently noted that "the State's worksheet does reflect, in respect to the habitual felon status, that [defendant] has accumulated eleven points and thus is a prior record level four. I assume there's no issue about that?" In response, defense counsel stated, "Yes, sir, that's correct." As we believe this to be, in effect, a stipulation to the record, we overrule this assignment of error.
 
 See Eubanks,
 

 151 N.C. App. at 505
 
 ,
 
 565 S.E.2d at 742
 
 . Accordingly, we find no error.
 

 No error.
 

 Chief Judge MARTIN and Judge McGEE concur.
 

 Report per Rule 30(e).