STATE OF NORTH CAROLINA
v.
CHARLES VINCENT HAYES
No. COA09-144
Court of Appeals of North Carolina
Filed August 4, 2009
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General J. Allen Jernigan, for the State.
Appellate Defender Staples S. Hughes, by Assistant Appellant Defender Kristen L. Todd, for defendant-appellant.
BRYANT, Judge.
Defendant appeals from judgment entered following his plea of guilty to trafficking in cocaine by transportation. We dismiss defendant's appeal.
On 6 November 2006, defendant was indicted for trafficking in cocaine by transportation. Prior to trial, defendant filed a motion to suppress evidence seized by the police during a traffic stop. A hearing was held on the motion on 12 August 2008, and the trial court denied defendant's motion to suppress. On 13 August 2008, defendant entered an Alford plea to trafficking in cocaine by transportation. On 14 August 2008, the trial court sentenced defendant to the mandatory 175 to 219 months imprisonment and $250,000.00 fine. Defendant gave notice of appeal in open court.
It is well settled that "when a defendant intends to appeal from the denial of a suppression motion . . ., he must give notice of his intention to the prosecutor and to the court before plea negotiations are finalized; otherwise, he will waive the appeal of right[.]" State v. Tew, 326 N.C. 732, 735, 392 S.E.2d 603, 605 (1990) (citing State v. Reynolds, 298 N.C. 380, 259 S.E.2d 843 (1979), cert. denied, 446 U.S. 941, 64 L. Ed. 2d 795 (1980)). Defendant failed to give notice of intent to appeal the denial of his motion to suppress prior to entry of his plea of guilty, therefore, the denial of his motion to suppress is not preserved for appeal.[1]
Defendant now petitions this Court to issue a writ of certiorari to review the order denying his motion to suppress.
While N.C.G.S. § 15A-1444(e) allows a defendant to petition for writ of certiorari after entering a guilty plea, this Court is limited to issuing a writ of certiorari in appropriate circumstances . . . to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action, or when no right of appeal from an interlocutory order exists, or for review pursuant to G.S. 15A-1422(c)(3) of an order of the trial court denying a motion for appropriate relief. State v. Pimental, 153 N.C. App. 69, 76-77, 568 S.E.2d 867, 872, disc. review denied, 356 N.C. 442, 573 S.E.2d 163 (2002).
In the case sub judice, defendant has not failed to take timely action, nor is he attempting to appeal from an interlocutory order, nor is he seeking review of an order of the trial court denying a motion for appropriate relief. Therefore, this Court is without authority to issue a writ of certiorari. Id. at 77, 568 S.E.2d at 872.
Defense counsel also filed a motion for appropriate relief alleging ineffective assistance of trial counsel because trial counsel failed to preserve defendant's right to appeal the denial of the suppression motion. In support of the motion for appropriate relief, defendant submitted an affidavit from trial counsel in which trial counsel states in pertinent part:
My memory is that the intent to appeal was discussed particularly and certainly with Mr. Gordan Wikle, and I believe also Mrs. Dawn Layton. Such discussions about the plea, the suppression motion, and the our [sic] plan to appeal were had in several different meetings in the months and weeks preceding the suppression hearing and entry of plea, and also on the day of the suppression hearing and entry of plea.
The Court was also made aware before the entry of plea of Mr. Hayes intent to appeal from the denial of his suppression motion.
We find that defendant's submission of an affidavit outside the record establishes the need for further factual inquiry. Accordingly, we conclude that we cannot properly determine this issue. See State v. Fair, 354 N.C. 131, 167, 557 S.E.2d 500, 525 (2001), cert. denied, 535 U.S. 1114, 153 L. Ed. 2d 162 (2002). Thus, we dismiss this appeal without prejudice to defendant's right to raise the issue of ineffective assistance of counsel in a motion for appropriate relief filed in superior court. Id. (citing State v. Kinch, 314 N.C. 99, 106, 331 S.E.2d 665, 669 (1985)).
Appeal and petition for writ of certiorari dismissed without prejudice to defendant's right to raise the issue of ineffective assistance of counsel in a motion for appropriate relief filed in superior court.
Chief Judge MARTIN and Judge ELMORE concur.
Report per Rule 30(e).
NOTES
[1] Defense counsel has submitted a brief pursuant to Anders v. California, 386 U.S. 738, 18 L. Ed. 2d 493 (1967) and State v. Kinch, 314 N.C. 99, 331 S.E.2d 665 (1985), requesting this Court's independent examination of the record for possible error. Because the appeal is not properly before us we decline counsel's invitation for further review of this appeal.