INMAN, Judge.
Defendant Jerry McKoy ("Defendant") appeals from a judgment entered upon his guilty plea to two counts of habitual driving while impaired and having attained the status of an habitual felon. We affirm.
Defendant was initially charged by citation with two counts of misdemeanor driving while impaired ("DWI") on 18 November 2014 and 8 May 2015. On 7 November 2016, a grand jury returned bills of indictment in 16 CRS 1041 and 1042 charging Defendant with habitual impaired driving committed on 8 May 2015 and attaining the status of an habitual felon. On 5 December 2016, Defendant was indicted in 16 CRS 1143 and 1149 for a second count of habitual impaired driving committed on 18 November 2015 and for being an habitual felon. Superseding indictments were issued in 16 CRS 1143 and 1149 on 20 February 2017 to correct the alleged offense date to 18 November 2014. The prosecutor dismissed the misdemeanor DWI charges.
On 8 January 2018, Defendant entered a plea of guilty to two counts of habitual impaired driving and attaining habitual felon status. The parties' plea arrangement provided that Defendant's offenses would be consolidated for judgment and that he would receive an active prison sentence of 101 to 134 months with credit for all time spent in pre-trial confinement on the misdemeanor DWI charges since 21 August 2016. The prosecution further agreed to dismiss additional charges then pending against Defendant.
Before accepting Defendant's guilty plea, the trial court engaged him in a plea colloquy as prescribed by N.C. Gen. Stat. § 15A-1022(a) (2017). Defendant affirmed under oath that he was "in fact guilty" of the charges and that there was a factual basis for his plea. He also "consent[ed] to the Court hearing a summary of the evidence" from the prosecutor in lieu of a formal proffer. See N.C. Gen. Stat. § 15A-1022(c)(1) (2017). After hearing the prosecutor's summary, the court found that there was an adequate factual basis for Defendant's plea and that he entered the plea freely, knowingly, and voluntarily.
Defendant stipulated to prior convictions resulting in sixteen prior record level ("PRL") points and a corresponding PRL V. See N.C. Gen. Stat. § 15A-1340.14(b) - (c) (2017). In accordance with the plea arrangement, the trial court sentenced Defendant at the bottom of the applicable presumptive range to 101 to 134 months' imprisonment and credited him with 505 days of pre-trial confinement. See N.C. Gen. Stat. §§ 14-7.6, 15A-1340.17(c), (e) (2017).
The trial court entered its judgment on 8 January 2018. On 11 January 2018 and 16 January 2018, within the fourteen-day period for giving notice of appeal under N.C. R. App. P. 4(a)(2), Defendant filed with the clerk of superior court handwritten pro se documents styled "Amenorment to Request/Motion for Appeal Case/File No: 16 CRS 1149, 16 CRS 1042" and "Move/Request A Appeal Trial Case/File# 16 CRS 1042, 16 CRS 1149." The trial court filed appellate entries on 11 January 2018 reflecting Defendant's entry of notice of appeal.
Counsel appointed to represent Defendant on appeal has petitioned this Court to review the trial court's judgment by writ of certiorari, in light of the defects in Defendant's pro se notice of appeal. See N.C. R. App. P. 21(a)(1) (allowing certiorari review "when the right to prosecute an appeal has been lost by failure to take timely action"). Specifically, Defendant's notice fails to identify the judgment from which or the court to which his appeal is taken. See N.C. R. App. P. 4(b). The notice also lacks proof of service as required by N.C. R. App. P. 4(c), 26(c). The State did not respond to Defendant's petition and has participated in the appeal without objection. In our discretion, we allow Defendant's petition to consider the merits of his appeal. See State v. Hill , 227 N.C. App. 371, 374, 741 S.E.2d 911, 914, appeal dismissed ex mero motu and disc. review denied , 367 N.C. 223, 747 S.E.2d 577 (2013).
Counsel appointed to represent Defendant is unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal and asks this Court to conduct its own review of the record for possible prejudicial error. He shows to the satisfaction of this Court that he complied with the requirements of Anders v. California , 386 U.S. 738, 18 L.Ed. 2d 493 (1967), and State v. Kinch , 314 N.C. 99, 331 S.E.2d 665 (1985) by advising Defendant of his right to file written arguments with this Court and providing him with the documents necessary to do so.
Defendant filed two sets of pro se arguments in this Court on 6 July and 8 August 2018. In these documents, he challenges the version of events contained in the police reports, denies driving while impaired, and accuses his defense counsel, the prosecutor, and the trial judge of conspiring to "railroad [him] with pure lies in the Harnett County Superior Courtroom." We conclude these arguments are not properly before this Court.
"[A] defendant who has entered a plea of guilty is not entitled to appellate review as a matter of right, unless the defendant is appealing sentencing issues or the denial of a motion to suppress, or the defendant has made an unsuccessful motion to withdraw the guilty plea." State v. Pimental , 153 N.C. App. 69, 73, 568 S.E.2d 867, 870, disc. review denied , 356 N.C. 442, 573 S.E.2d 163 (2002). The record on appeal gives no indication that the trial court denied a pre-trial motion by Defendant to suppress evidence or a motion by Defendant to withdraw his guilty plea. Therefore, Defendant's appeal of right is limited to the sentencing issues set forth in N.C. Gen. Stat. § 15A-1444(a1) and (a2) (2017). Because Defendant's pro se arguments do not pertain to his sentence, they are dismissed.
In accordance with Anders , we have fully examined the record to determine whether any issues of arguable merit appear therefrom. We have been unable to find any possible prejudicial error and conclude that the appeal is wholly frivolous. The trial court's judgment is affirmed.
AFFIRMED.
Report per Rule 30(e).
Chief Judge MCGEE and Judge HUNTER, JR. concur.